Aldrich v. Reynolds.

fee of $25, in addition to the taxable costs, should have been allowed to be retained out of the moneys advanced by the husband pendente lite. But the allowance of the whole $100 for that purpose would have been unreasonable and oppressive.

The order appealed from must therefore be modified accordingly. And neither party is to have costs as against the other, either on this appeal or upon the original application to the vice chancellor to have the advance of the husband deducted from the taxed bill.

Proceedings remitted.

## ALDRICH vs. REYNOLDS.

The purchaser of mortgaged premises, upon a foreclosure and sale thereof, is entitled to the growing crops or emblements thereon, as against the mortgagor. And as they would necessarily enhance the price which the mortgaged premises would bring at such sale, it is proper to allow the value of the crops, &c. taken off by the mortgagor, during the time in which the sale of the premises was suspended by an injunction, as a part of the defendant's damages sustained by reason of an injunction staying the complainant from selling the premises under his decree.

The interest upon the whole sum, the collection of which is either suspended or defeated by an injunction, is also a part of the damages sustained by the defendant by reason of such injunction.

A party enjoined is also entitled to recover, as damages, the counsel fees which he has been obliged to pay to obtain a dissolution of the injunction; as well as the taxable costs of so much of the proceedings in the suit as were necessary to obtain such dissolution.

And the costs of the reference to a master to ascertain the amount of damages, are likewise a part of the damage which the party enjoined has a right to recover, upon the dissolution of the injunction.

THIS case came before the chancellor on exceptions to the master's report upon a reference to ascertain the amount of damages sustained by the defendant by reason of an injunction.

The defendant held a bond and mortgage upon a farm in the possession of the complainant, and advertised the mortgaged premises for sale under a statute foreclosure; which sale was to

have taken place on the 5th of June, 1845. Previous to that time, the complainant obtained an injunction staying the sale. And to obtain such injunction, he gave a bond with sureties, pursuant to the directions of the 31st rule of the court of chancery, conditioned to pay to the defendant such damages as he might sustain by reason of the injunction, if the court should eventually decide that the complainant was not equitably entitled to such injunction. Upon the reference, it appeared that on the 5th of June, 1845, the crops and grass upon the premises, and which were afterwards taken off by the complainant, during the continuance of the injunction, were worth $90,30, exclusive of the labor and expense of protecting, gathering and securing the same. The sale was stayed by the injunction until the 28th of August, and did not finally take place until the 13th of Sept. 1845 ; when the premises were sold for $200 only ; leaving a balance due upon the bond and mortgage given by the complainant, of about $100, including the costs of the foreclosure and sale.

The master allowed, as a part of the damages, the value of the crops and grass, taken from the premises by the complainant during the time the sale was stayed. He also allowed the interest upon the amount due on the bond and mortgage, from the 5th of June to the 28th of August, and the extra expense of continuing the notice of sale during the time the sale was suspended by the injunction. And he allowed the taxable costs of the defendant in obtaining a dissolution of the injunction and upon the reference; as well as $25 which had been paid by the defendant as an extra counsel fee in obtaining a dissolution of the injunction.

The complainant excepted to the allowance of the value of the crops taken off, as damages ; to the allowance of the interest on the whole mortgage debt during the time the sale was suspended by the injunction ; and to the $25, paid as extra counsel fees. He also excepted to certain items of costs as not taxable.

*N. Hill Jr.*, for complainant.

*A. Taber*, for defendant.

THE CHANCELLOR.   The testimony, as reported by the master, shows that if the purchaser under a statute foreclosure is entitled to the crops which are growing upon the mortgaged premises at the time of the sale, the premises would have sold, on the 5th of June, for $90,30 more than they brought in September; and would have produced just about the amount of the mortgage with the interest thereon, and the costs of foreclosure.   The defendant therefore lost, not only the difference between what the lot would have brought in June, and that for which it was actually sold, after the injunction had enabled the mortgagor to strip it of its crops and grass, but also the interest on the amount which he would have been entitled to receive if the sale had taken place on the 5th of June.   It therefore presents the question whether the purchaser upon a foreclosure and sale of mortgaged premises is entitled to the growing crops, or emblements.   This question appears to have been very fully considered by the supreme court, in the case of *Lane* v. *King*, (8 *Wend. Rep.* 584.)   And it was there decided that neither the mortgagor nor his lessee subsequent to the giving of the mortgage, was entitled to the crops growing upon the land at the time of the foreclosure and sale; but that they belonged to the purchaser.   If so, they would necessarily enhance the price which the mortgaged premises would bring at the sale.   This appears to be in accordance with the principle that where the determination of the estate depends upon the voluntary act of the owner thereof, or where the estate is defeasible by a right paramount, or by a forfeiture, or a breach of condition depending on his own act or omission, he who has the paramount right, or who enters for the forfeiture or breach of condition, is entitled to the emblements. (*Coke Lit.* 55, 6.)   By the common law, the non-payment of the mortgage money at the time fixed upon by the parties, was in the nature of a forfeiture of the estate by the mortgagor; and authorized the mortgagee to enter immediately, and to take the emblements.   But in equity, he held them, as he did the land, only as a security for the payment of the mortgage debt; and upon redemption, he was bound to account for such emblements   Having the legal right, however,

and the land and its products being a security to the mortgagee for his debt, a court of equity will not deprive him of his legal right to the emblements until the mortgage money and interest are fully paid. The master was therefore right in charging the value of the emblements &c., taken off by the mortgagor during the time the sale was suspended, as a part of the defendant's damages sustained by reason of the injunction.

The interest upon the whole sum, of which the collection was suspended or defeated, was also a part of his damages consequent upon the injunction. For if it had not been granted, the mortgaged premises would probably have been sold in June for enough to pay the whole mortgage debt, with interest and costs. The only error the master has committed in relation to the interest, is that he did not charge enough. The defendant not only lost the interest on his whole debt during the time the sale was suspended by the injunction, but he also loses the interest on the $90,30 subsequent to the sale. It would therefore have been proper to compute the interest on this last amount down to the date of the report.

In the case of *Edwards* v. *Bodine*, (*In Chan. Oct.* 1, 1844,) this court decided, on a full examination of the question, that a party enjoined was entitled to recover the counsel fees which he had been compelled to pay out to obtain a dissolution of the injunction; as well as the taxable costs of so much of the proceedings in the suit as were necessary to procure such dissolution. That question, therefore, is no longer open to discussion here. And the cost of the reference to ascertain the amount of damages, also appears to be a part of the damage to which the defendant has necessarily been put, by reason of the injunction. The master was therefore right in allowing that also.

Objections were made in these exceptions to several items of the costs allowed by the master, but those cannot properly be considered here. The parties, by consent, submitted the question as to the items of the costs, to the master to be taxed and allowed by him, instead of having them taxed by the proper officer of the court for that purpose; reserving only the right of either party to raise the question whether any of the items so

taxed and allowed by him were taxable as a part of the damages, or only as costs in the cause. The master's decision was therefore final as to the fact that the services had been performed, and that the folios were correctly charged. And the only question which it is competent to raise on these exceptions, is whether the costs, as taxed by the master, were properly recoverable on the bond taken upon the allowance of the injunction, as a part of the damages sustained by the defendant. A different mode of proceeding is to be adopted where the parties wish to review the decision of a taxing officer.

Admitting the services to have been performed as charged, and that the number of folios is stated correctly, I see nothing in the bill of costs, as allowed and taxed by the master under the stipulation, which was not caused by the injunction, and rendered necessary, to relieve the defendant against the same and the consequences thereof. The whole was therefore very properly allowed as damages sustained by the defendant by reason of the injunction.

The exceptions must all be overruled, with costs; and the report of the master must be confirmed.