## LOOMIS VS. WHEELER.

In an action against a sheriff for a refusal to execute a writ of assistance by putting the plaintiff in possession of land purchased by him at a foreclosure sale and conveyed to him by sheriff's deed, the complaint should show the parties to the foreclosure judgment, and the term at which it was entered; otherwise it does not state a cause of action.

But it is not necessary, in such a case, that the complaint should set forth all the facts which gave the circuit court jurisdiction of the foreclosure action. That court being one of general jurisdiction, its jurisdiction to render the judgment will be presumed.

Under Rule 31, Circuit Court Rules of 1857, the purchaser at a foreclosure sale, under a judgment so directing, is entitled to be let into possession, and, if need be, to a writ of assistance, *before confirmation* of the sale.

APPEAL from the Circuit Court for *Fond du Lac* County.

This was an action against the sheriff of said county, for damages for his refusing to execute a writ of assistance. The complaint alleges that the plaintiff, on the 15th of August, 1862, purchased certain land therein described, " at a foreclosure

sale made by said defendant, acting and being sheriff of the county of Fond du Lac, in pursuance of a judgment in this court, in which, among other things, it was ordered that the purchaser should be let into possession on production of the sheriff's deed; that upon said purchase the plaintiff received from the defendant, as such sheriff, a deed of said land; and that the principal defendant in the foreclosure action, who was in possession of the land, refused to let the plaintiff into possession when the same was demanded and the deed read to him. The complaint then avers the issue of the writ of assistance by the clerk of said court, under its seal, duly tested, and directed to said sheriff, the placing of the same in his hands, to be executed, with tender of his fees &c., his refusal to execute it, and the consequential damages, for which judgment is demanded.—The defendant demurred to the complaint as not stating a cause of action; the demurrer was sustained; and the plaintiff appealed.

*R. P. Eaton*, for appellant, cited Rules in Equity, 1857, Rule 8; R. S., ch. 13, sec. 103. A sheriff cannot question the regularity of process. 1 Nev. & Man., 234. If the writ is good on its face, the sheriff is justified in attaching property. 2 N. H., 211.

*Gillett & Conklin*, for respondent:

1. A ministerial officer will not be compelled to execute any process which was issued without jurisdiction in fact, and when the want of jurisdiction was admitted upon the record, although the process was regular upon its face. *People v. Schoonmaker*, 13 N. Y., 238; *Cornell v. Barnes*, 7 Hill, 35; *McDonald v. Bunn*, 3 Den., 45. The officer, if satisfied that there was a want of jurisdiction to issue the process, may refuse to execute it. *Earl v. Camp*, 16 Wend., 562. 2. The complaint does not show that the writ of assistance was issued with jurisdiction in fact, and no record is set up or referred to by which the officer was to satisfy himself, and act under it or refuse to act as jurisdiction should or should not appear. 3. The pro-

ceedings and judgment in foreclosure are not complete until the filing of the report of sale, and the confirmation of the sale ; and a writ of assistance cannot issue until that time. Circuit Court Rules, 1 and 31 ; Whitt. Pr., 663 ; Tillinghast & Sh. Pr., 203 ; 5 Sandf., 447 ; 8 How. Pr. R., 35 ; id., 352. The clerk of the court has not jurisdiction to issue a writ of assistance in vacation.

*By the Court*, DIXON, C. J.   I think the complaint is defective in not showing the parties to the foreclosure judgment, and the term at which it was entered.  It is a general rule, in actions upon judgments, that the term, parties, and sum recovered, must be stated with certainty.  1 Chitty's Pl., 371.  It is true that here the action is not upon the judgment of foreclosure, but the plaintiff's whole interest and right to maintain the action comes through it, and I think he should set it out, so far at least as to show the parties and the time of its rendition. This is necessary to enable the defendant to answer.  He may wish to consult the record to ascertain the facts regarding the alleged sale, or to plead that there was no such judgment, in case he shall be so advised.  The sheriff cannot be supposed to charge his mind with everything that occurs in the course of his official transactions.  He is entitled to the same benefits in pleading, the same concise statement of facts constituting the alleged cause of action, as if he were a stranger to everything which took place under the judgment of foreclosure.  The plaintiff may not be required to state facts showing jurisdiction, for the circuit court, in which the judgment is alleged to have been rendered, is a court of general jurisdiction, and jurisdiction of the foreclosure action will therefore be presumed ; but he must point out with precision the judgment under which he claims to have purchased, and by virtue of which the writ of assistance was issued.

Upon the other point presented in argument, I am against the defendant.  I think that by Rule 31, Rules of 1857, the

purchaser at a foreclosure sale, under a judgment so directing, is entitled to be let into possession, and, if need be, to a writ of assistance, before confirmation of the sale. The rule says he is entitled to such possession in so many words; and I can see no object in having rules of practice unless effect is given to them according to their obvious meaning. A rule prescribing one thing and meaning the very opposite, would be but a snare in the path of the unwary. " Unless otherwise specially ordered by the court, the judgment shall direct * * * that the purchaser at such sale be let into possession of the premises on production of the deed," is the language of the rule. It seems that this plain language has been evaded in some instances in New York, and a confirmation held necessary before the purchaser can be put into possession; but I cannot do so. I am for adhering to the rule so long as we have it. By the former practice in equity, a confirmation of the sale was necessary before the possession was to be delivered; and such was the decree. It provided for a delivery of possession to the purchaser, on production of the master's or sheriff's deed and a certified copy of the order confirming the report of sale, after such order had become absolute. But the rule of 1857 seems expressly intended to modify the practice in this respect; and I can see no means of evading the effect of a judgment entered in the manner prescribed by the rule. If there be any reason why the judgment in this respect should not at once be executed and possession delivered—if the defendant intends to oppose the confirmation or to move to set the sale aside—let him prepare his affidavits, make his motion, serve his papers, and obtain a stay of proceedings from the court or a judge thereof, and no mischief can result from the practice. If, on the other hand, there is to be no opposition, and the sale is to stand, it is very proper that possession should be immediately delivered.

Order affirmed.