### LEWIS ROBERTS, Appellant, *v.* HENRY WHITE et al. as Executors, etc., Respondents.

While it is the duty of a defendant, in an action wherein a temporary injunction has been granted, to do nothing to enhance, and to do all that he reasonably can to diminish the damages therefrom, he is not bound to incur any hazard, and is not responsible if, adopting such course as experienced and competent men would deem prudent and proper under the circumstances, another course might have been taken, equally safe and proper, which would have reduced the damages.

*It seems*, that the granting of an order of reference, to ascertain defendant's damages by reason of a temporary injunction, before the enrollment and entry of a judgment in his favor, is irregular ; it is an irregularity, however, which may be waived by plaintiff, and if he permit the referee to proceed to a final report without objection, or if, although objection is made, he does not withdraw from the reference, but proceeds therewith, the irregularity is cured.

Upon the coming in of the report of a referee, appointed under and by an order so irregularly entered, the court referred the matter back to the same referee, directing him to report the evidence taken upon the first reference, with liberty to either party to introduce further evidence. *Held*, no error; that it was within the power and the discretion of the court to permit the evidence formerly taken to be submitted on the rehearing.

In an action brought to determine the rights of the parties to a wall, claimed by plaintiff to be a party wall, the complaint alleged, and it

appeared that defendants had begun to tear down the buildings on their premises, including the wall, for the purpose of erecting a new building. A temporary injunction was granted restraining defendant from tearing down the wall; a delay was thereby occasioned in the completion of defendants' building. *Held,* that the items of damages, by reason of the injunction, properly allowable, were: 1st. Loss in rent; 2d. Increased cost in building; 3d. Counsel fees on motion to dissolve injunction, and on appeal from order of dissolution.

(Argued April 8, 1878; decided April 16, 1878.)

APPEAL from order of the General Term of the Superior Court of the city of New York, affirming an order of Special Term, referring it to a referee to ascertain the damages sustained by defendants by reason of a temporary injunction, and also affirming an order of Special Term confirming the report of the referee assessing such damages. (Reported below, 11 J. &. S., 455.)

This action was brought to determine the title of the parties to a wall, between adjoining buildings, which plaintiff claimed to be a party wall, and to restrain defendant from tearing down the same.

The complaint alleged, in substance, that the parties were owners of adjoining premises; that the wall in question was a party wall, standing one-half on each of the adjoining premises; that defendants had commenced to tear down the buildings on their premises, including said party wall, for the purpose of erecting a new building. A temporary injunction was granted restraining defendants from interfering with the wall. The court found upon trial that defendants were the exclusive owners of the wall, and of the land upon which it stands, and as conclusions of law that defendants were entitled to judgment dismissing the complaint, and were also entitled to a reference to ascertain their damages by reason of the injunction. Before the entry of the judgment an order was granted appointing a referee to ascertain such damages. After the entry of the judgment, and upon the coming in of the report of the referee another order was granted, referring the matter back to the same referee, directing him to report the evidence taken upon the

former reference, with liberty to either party to furnish any additional testimony.

The further facts appear sufficiently in the opinion.

*William R. Martin*, for appellant. The first order of reference made before the decision was filed and before judgment was entered, was irregular. (*Leavitt* v. *Dabney*, 9 Abb. [N. S.], 373; *Lawton* v. *Green*, 64 N. Y., 326.) The referee erred in overruling plaintiff's exception and receiving in evidence upon the second reference the testimony taken upon the first. (*Childs* v. *Delaney*, 1 T. & C., 506; *Moses* v. *Banker*, 7 Robt., 441; *Porter* v. *Parks*, 2 Hun, 654; *Fox* v. *Moyer*, 54 N. Y., 131; *Marshall* v. *Meach*, 51 id., 143.) The first reference being invalid no implied consent on the part of plaintiff could make it valid. (*Fasnacht* v. *Stehn*, 53 Barb., 650; *Bradley* v. *Aldrich*, 40 N. Y., 504; *Byrnes* v. *City of Cohoes*, 5 Hun, 602.) The defendants were not entitled to any damages. (*Ball* v. *Liney*, 48 N. Y., 12, 13; *Eten* v. *Luyster*, 60 id., 252; Sedgw. on Dam. [3d ed.], 469, 495; *Milton* v. *Hud. R. S. Co.*, 37 N. Y., 210; *Wilson* v. *Newport D. Co.*, 1 L. R. Exch., 177, 191; *Hamilton* v. *McPherson*, 28 N. Y., 72, 76; *Dillon* v. *Anderson*, 43 id., 232; *Cook* v. *Soule*, 56 id., 423; *Blanchard* v. *N. J. Stbt. Co.*, 59 id., 292; *Sutton* v. *N. Y. C. and H. R. R. R. Co.*, 66 id., 244; *Parsons* v. *Sutton*, 66 id., 98; *Lawson* v. *Price*, 45 Md., 136; *Smith* v. *Pettie*, 7 Hun, 335; *Green* v. *Erie R. Co.*, 11 id., 334; *Delavalette* v. *Wendt*, 11 id., 434.

*F. R. Sherman*, for respondents. The parties having gone on with the reference are estopped from denying the validity of the order. (*Lawton* v. *Green*, 64 N. Y., 326.) The rule of law as to damages adopted by the referee was proper. (*Hexter* v. *Knox*, 39 Supr. Ct., 117; 63 N. Y., 561; *Mailler* v. *Express P. Line*, 61 id., 312.)

ALLEN, J. The first order of reference was technically irregular; as the judgment dismissing the complaint and

adjudging that the plaintiff was not entitled to the order of injunction, and that the defendants were entitled to a reference to ascertain the damages they had sustained by reason of such injunction, and to a judgment against the plaintiff for such damages, although pronounced and ordered, had not been in form enrolled and entered. (Code, § 222.) But it was a mere irregularity which might have been waived by the plaintiff, and had he permitted the referee to proceed to a final report without objection the irregularity would have been cured, and the report would have been enforced if there had been no valid exception to it. (*Lawton* v. *Green,* 64 N. Y., 326.) But objection was taken before the final submission of the matter to the referee, and whether it was taken at an earlier stage of the hearing is disputed, the plaintiff claiming that it was taken at the first appearance of the parties before the referee, and the defendants controverting that statement. But whether it was so taken or not is not material. The plaintiff did not withdraw from the reference. Both parties proceeded, and called, examined and cross-examined witnesses, and introduced such evidence as they desired or thought necessary. But notwithstanding the whole case and all the proofs on both sides were before the referee, the Supreme Court set aside the first report as irregular, and made a new order referring it to the same referee with directions to report the evidence taken by him under the first order, together with all the objections and exceptions taken, with liberty to either party to furnish additional testimony on the hearing. I am of the opinion that the court might have held the irregularity waived, ordered the judgment entered *nunc pro tunc* and sustained the report. But they did not act upon this view, and held as the safer course that the report was technically irregular.

The evidence taken by the referee on the first hearing was used and taken as evidence on the second, and this is objected to by the plaintiff as erroneous. It was discretionary with the court whether to permit the parties to use that evidence

or not, and it was a wise exercise of such discretion to permit it, and not put the parties to the unnecessary cost of re-examining the same witnesses, to prove the same facts, thus repeating the work of several years. The same referee had taken the evidence and had seen and examined the witnesses, and would have been in no better condition to judge of their competency and credibility by having them personally before him again for re-examination. A recalling of the witnesses would not have aided the referee in arriving at the truth. The parties had each fully examined, cross-examined and re-examined the witnesses, and called out every fact to which they could speak, and every circumstance tending to show their competency, or which could affect their credit. If this were not so, under the second order of reference they might have been recalled, so that the objection to the introduction and use of that evidence rests upon the merest technicality, and is without merit. The proceedings under the first order of reference were in the action. They were not void, merely irregular, and the evidence was before the court, and the court had the power to permit it to be read on the rehearing.

This is not unusual in references in summary proceedings, when rehearings are ordered for error of the referee or other cause, to direct the evidence taken on the first hearing, with such other evidence as may be adduced by the parties to be submitted on the rehearing. This discretion is necessarily with the court to prevent a possible loss of evidence, and to reduce the expenses of litigation, as well as to prevent unnecessary delays. The Code, section 222, gives great scope to the court in the exercise of its discretion in ascertaining the damages in a case like the present; and, if it orders a reference, the proceedings are not necessarily governed by the strict rules which govern the trial of issues by a referee. The court might have directed the evidence taken upon the trial to be submitted to the referee, or authorized *ex parte* affidavits to be read. No objection was made to this part of the order, except a want of power, and that it was irregular,

neither of which is tenable. Had it been shown that any substantial right of the plaintiff might be injuriously affected by the use of that evidence, the court doubtless would have listened to the objection and protected the plaintiff against injury. Upon the question of damages, and in respect to material facts, there was a conflict of evidence, but that material damages were sustained by the defendants, by reason of the injunction which could not have been avoided, is proved by all the witnesses who spoke upon the subject. All agree that there was and would have been a necessary delay in the putting up and completing for occupation the defendants' buildings, and that the expenses would have been increased, even had the defendants proceeded, as it is claimed they might and ought to have done, and taken down all the old buildings except the disputed wall, and built up from the foundations to the timbers of the first or ground floor, while the injunction was in force.

The witnesses for the plaintiff testified that by such a procedure the cost of the building would have been increased, and by the delay there would have been a loss of rent. But the referee had a right to, and evidently did, adopt the views and act upon the evidence of the defendants' witnesses that, in the erection of a permanent building in that location, it would not have been safe or prudent to proceed to lay the foundation of any part until they were prepared to lay the whole, and that it would or might have endangered the foundation and the walls already up to drive piles, as would be necessary, to support the foundation on the line of the wall in contention, when that should be taken down and removed. They were also of opinion that the removal of the other walls would have rendered the disputed wall unsafe. It suffices to say that the parties while they should do nothing to enhance the damages, and should do all that they reasonably could do to diminish them (*Parsons* v. *Sutton*, 66 N. Y., 98; *Eten* v. *Luyster*, 60 id., 252; *Dillon* v. *Anderson*, 43 id., 232; *Hamilton* v. *McPherson*, 28 id., 72), were not bound to incur any hazard or assume unusual risks, and are not

responsible if, adopting such course as experienced and competent architects and builders regarded as prudent and proper, another course might, in the opinion of others equally experienced and skillful, have been adopted, which would have been equally safe and proper, and which would have reduced the damages, and to some extent relieved the plaintiff from the consequences of his own acts in procuring an injunction without right. The plaintiffs were only bound in good faith to do that which those skilled in building would think reasonably necessary to save the plaintiff from unnecessary loss. If the evidence preponderated greatly on the side of the plaintiff upon this question ; if the evidence on the part of the defendants was such as to show that they acted in good faith, and proceeded, as they thought they safely could, having respect to the location and the character of the building to be erected and the foundation to be placed, in tearing down the old building and proceeding with the new, pending the injunction ; they would not be liable for not proceeding more rapidly.

All this was clearly proven on the hearing, and were it necessary to pass upon the question, I should be of the opinion, upon all the evidence, that the defendants did proceed as rapidly, and do all that they could prudently and with entire safety do, while the injunction was in force.

But as before suggested, they were not called upon to take risks in the matter, and are not to be held rigidly and absolutely to the adoption of that course, which would certainly save the plaintiff from loss.

The delay in the completion of the building and the consequent loss of rent were proved by undisputed and satisfactory evidence. There was also evidence as to the increased cost of the work and materials, and of the counsel fees on motions to dissolve the injunction.

All the items of damages awarded are allowable. They were these : 1. Loss in rent of the building. 2. Increased cost of the labor and materials. 3. Counsel fees on motion to dissolve injunction, and appeal from the order of dissolu-

tion. They aggregated $5,731.12, exclusive of interest for more than ten years, and which exceeded $4,000. The award of damages was limited to $5,000, the amount specified in the undertaking, so that the defendants lose at least $5,000, over $4,000 of which is interest accumulated during eleven years of litigation over the question of damages.

There are no other objections to the report and order of confirmation that need be considered. None of them go to the merits, and none are well taken.

The order must be affirmed.

All concur.

Order affirmed.