WŒHLER vs. ENDTER.

PURCHASER AT FORECLOSURE SALE: EMBLEMENTS: REPLEVIN. *(1) When purchaser at foreclosure sale may maintain replevin for emblements. (2) His right to possession of the land. (3) Who bound by foreclosure judgment.*

1. Purchaser at a foreclosure sale cannot, *before the sale is confirmed,* and before he has acquired possession of the land, maintain replevin for crops growing thereon at the time of sale but afterwards severed therefrom by the person in possession of the land.
2. The intimation in *Loomis v. Wheeler,* 18 Wis., 524, that, under Rule 31 of 1857, the purchaser at a foreclosure sale is entitled to be put into possession by writ of assistance before confirmation of the sale, was *obiter,* and its correctness is here doubted.
3. Whether a tenant under the mortgagor, in actual and open possession of the premises when the foreclosure suit was brought, but whose lease was not recorded, is bound by the judgment, is left undetermined.

APPEAL from the Circuit Court for *Outagamie* County. Replevin. Plaintiff appealed from a judgment of nonsuit. The case is stated in the opinion.

For the appellant, there were briefs by *Barnes & Goodland,* and oral argument by *Mr. Goodland:*

1. The sheriff's deed should have been admitted in evidence. Sec. 3, ch. 143, Laws of 1877, which controlled the sale, declares that " the mortgaged premises shall not be sold till one year from the date of the judgment, . . . . unless all the parties to an action consent to an earlier sale." (1) The sale was made after the expiration of a full year from the date of the judgment. But it is argued that the legislature intended that the time between the judgment and sale should be one year and six weeks, because that was the time under the law as it previously existed, and because the act of 1877 was passed for the benefit of the mortgagor. The language of the section, however, is plain and unambiguous, and no interpretation is allowable. *Ogden v. Glidden,* 9 Wis., 46; *State ex rel. Haswell v. Cram,* 16 id., 243; *Brightman v. Kirner,* 22 id., 54;

*Harrington v. Smith*, 28 id., 43; *Mundt v. Railroad Co.*, 31 id., 451. It is further argued that notice is part of a judicial sale, and necessary to make it valid; and that therefore the notice of sale cannot legally be given until one year after the judgment. If that were true, the want of legal notice would be merely an irregularity, which would not render the sale void *(Harteaux v. Eastman*, 6 Wis., 410; *Eastman v. Harteau,* 12 id., 267; *Eaton v. White*, 18 id., 517; *Ware v. Bradford,* 2 Ala., 682; *Love v. Powell*, 5 id., 58; *Hubbert v. McCollum,* 6 id., 221; *Giles v. Pratt*, 1 Hill (S. C.), 239; *Ashby v. Abney,* id., 380; *Barklay v. Screven*, 1 Nott & McC., 408; *Cockerel v. Doe*, 12 Sm. & M., 117; *Armstrong v. Jackson*, 1 Blackf., 210), and would hardly be even sufficient cause for setting it aside without proof that some injustice had been done, or some substantial right denied. But, however that may be, it is evident that the word "sold" in this section will not bear the construction thus put upon it. The words of a statute must be taken in their ordinary sense. *Brightman v. Kirner, supra; Battis v. Hamlin*, 22 Wis., 669. The word "sold" expresses a distinct act, and does not include the precedent distinct acts which may be necessary to the validity or regularity of the sale. If otherwise, then it includes the order of sale, which is much more necessary than the notice, to a judicial sale; and such a construction would be absurd. "We are not at liberty," says the court of appeals of Maryland, with the approval of this court, "to imagine an intent, and bind the letter of the act to that intent; much less can we indulge the license of striking out and inserting and remodeling, with the view of making the letter express an intent which the statute in its native form does not evidence." *Harrington v. Smith, supra.* In *Allis v. Sabin*, 17 Wis., 626, where there was a stipulation that no proceedings should be taken to sell mortgaged property within one year from the date of the decree, and the premises were advertised for sale before the expiration of the year, this court held that the case showed

"no violation of the spirit of the agreement." It is certainly much plainer here that notice of sale given within the year is no violation of the statute. (2) The act of 1877 allows an earlier sale with consent of parties. In the absence of proof to the contrary, the record being silent, the presumption is that the law has been complied with, and every reasonable intendment should have been made in favor of the validity of the deed. This is a general rule; but in relation to sheriffs' deeds there is a special provision of law, ch. 40, Laws of 1869. Under that act, when plaintiff produced the sheriff's deed, he "thereby proved *prima facie* that there was a valid judgment in the foreclosure action, and there had been a valid sale pursuant thereto." *Ehle v. Brown*, 31 Wis., 405. The deed being *prima facie* evidence of the judgment and sale, the attack upon it was an attack upon the judgment and sale, and was not allowable in a collateral proceeding. *Jackson v. Astor*, 1 Pinney, 137; *Tallman v. McCarty*, 11 Wis., 401; *Gartside v. Outley*, 58 Ill., 210. 2. The respondent's lease was subsequent to the mortgage, and was unrecorded. "Every purchaser or incumbrancer whose conveyance or incumbrance is unrecorded at the time of such filing [of the notice of *lis pendens*], shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by the proceedings in the action [any action affecting title to real property] to the same extent and in the same manner as if he were made a party thereto." Tay. Stats., 1429, § 7. The respondent was therefore as much bound by the judgment as the mortgagor. *Warner v. Trow*, 36 Wis., 195; *Stern v. O'Connell*, 35 N. Y., 104; *Lamont v. Cheshire*, 65 id., 30; *Daniels v. Henderson*, 49 Cal., 245; *S. C.*, 45 id., 647; *Aldrich v. Stephens*, 49 id., 676. 3. Fixtures and growing crops found upon mortgaged premises at the time of foreclosure, become the property of the mortgagee or purchaser at the foreclosure sale. 1 Washb. R. P., 124; Willard on R. E., 89; 1 Hilliard on Mortgages, 180; Taylor's L. & T., 392, sec. 537; *Lane v. King*, 8 Wend., 584;

*Shepard v. Philbrick*, 2 Denio, 174; *Simers v. Saltus*, 3 id., 214; *Gillett v. Balcom*, 6 Barb., 370; *Jones v. Thomas*, 8 Blackf., 428; *Crews v. Pendleton*, 1 Leigh, 297; *Howell v. Schenck*, 4 Zab., 89; *Smith v. Goodwin*, 2 Greenl., 173; *Aldrich v. Reynolds*, 1 Barb. Ch., 613; *Sherman v. Willett*, 42 N. Y., 146; *Samson v. Rose*, 65 id., 411. Plaintiff in replevin is required only to show that he had at the commencement of the action a general or special property in the thing replevied, and the right of possession. *Beckwith v. Philleo*, 15 Wis., 223; *Rose v. Tolley*, id., 443; *Child v. Child*, 13 id., 17; *Timp v. Dockham*, 32 id., 146. Defendant was barred by the judgment of all right in the property, except the right to redeem before sale, which he did not do. After the sale he was a *mere trespasser*. Title to the property in question passed to the plaintiff at the sheriff's sale; he has been the legal owner and entitled to the possession ever since that date; he has made repeated demands for possession of the land and of the property in suit, which demands were refused; he has obtained a writ of assistance, and its execution has been improperly enjoined by the defendants; but the mere fact that he has been wrongfully kept out of the land cannot deprive him of his title and right of possession as to the chattels. And, the property having been replevied and returned to the defendant upon his undertaking under the statute, this action "is to be regarded as a concurrent remedy with trover, and to be governed by the same rules." *Brewster v. Carmichael*, 39 Wis., 456; *Bigelow v. Doolittle*, 36 id., 115. While in former times an entry by the mortgagee or purchaser was indispensable, there is no necessity for it under our statute, which provides that "conveyances of land may be made by deed, without any other form or ceremony whatever." Tay. Stats., 1142.

For the respondent, the cause was submitted on the brief of *Allen & Wistrom:*

1. The deed was properly rejected as evidence. Prior to

ch. 143 of 1877, the law allowed one year for redemption after sale. Including the time necessary for notice, the time actually allowed for redemption was one year and seven weeks. No person ever thought of advertising a sale before judgment, and a deed based upon a sale on such a notice would have been *absolutely void*. *Lain v. Cook*, 15 Wis., 446; *Wakeley v. Mohr*, 18 id., 321; *Lain v. Shepardson*, id., 59; *G. B. & M. C. Co. v. Groat*, 24 id., 210; *Ladd v. Shippie*, 57 Mo., 523; *Baily v. Baily*, 9 Rich. Eq., 392. The act of 1877 merely ordered the sale to take place at the expiration instead of the commencement of the year allowed for redemption. It was designed to favor the redeeming debtor by relieving him from the costs of a sale, and not to lessen his time for redemption. Advertising a sale within the year in anticipation that there will be no redemption, is not less illegal than advertising a sale on a future judgment, in anticipation that there will be no defense; and it equally renders the sale void.   2. Even if the deed should have been admitted in evidence, and would have shown title in plaintiff to the land, he could not recover the emblements in this action, because he has never acquired possession under the deed. All the cases cited show that possession of the premises invariably preceded claims made to the growing crops by persons who did not raise them.   3. Plaintiff was not entitled to the possession of the premises or chattels against the defendant. One in actual possession of land, at and before the filing of notice of *lis pendens*, is not embraced in that provision of the statute on which plaintiff relies, in respect to unrecorded conveyances or incumbrances. His possession is actual notice of his rights to all persons *(John v. Larson*, 28 Wis., 604); and, if not made defendant to an action to foreclose a mortgage executed by his lessor, he is not bound by the judgment therein. *Peabody v. Roberts*, 47 Barb., 91; *Denton v. Nanny*, 8 id., 618; *Brainard v. Cooper*, 10 N. Y., 356; *Gage v. Brewster*, 31 id., 218; *Green v. Dixon*, 9 Wis., 532; *Moore v. Cord*, 14 id.,

213.   See also *Murphy v. Farwell*, 9 Wis., 102; *Boyd v. Weil*, 11 id., 58.

COLE, J.   This is an appeal from a judgment of nonsuit, in an action of replevin to recover possession of certain crops. The plaintiff was the purchaser of the land upon which the crops were growing, at a foreclosure sale made on the 19th day of June, 1878, under a judgment rendered on the 18th of June, 1877.   The premises at the time of sale were, and had been for more than two years previous, in the possession of the defendant, under an unrecorded lease given by the mortgagor, subsequent to the mortgage.   The defendant was not made a party to the foreclosure suit.   On the trial, the plaintiff, to establish his title to and ownership of the crops, offered in evidence the deed executed by the sheriff on the foreclosure sale, which was objected to on the ground that it appeared on the face of the instrument that the judgment was rendered on the 18th day of June, 1877, and that the sale took place on the 19th day of June, 1878, and that therefore the sale and deed were void.   The deed was excluded, and the first error assigned is this ruling rejecting the deed.

In support of the ruling of the court below, the counsel for the defendant contend that the deed was void, because, under ch. 143, Laws of 1877, no proceedings on the judgment, as by advertising the mortgaged premises for sale, could legally take place until after the expiration of a year from the date of the judgment.   In the case of *The N. W. M. L. Ins. Co. v. Neeves, ante*, p. 147, it was said that a proper construction of the law of 1877 did not justify any steps to be taken for a sale of the mortgaged premises before the expiration of one year from the date of the judgment; but in that case we did not have occasion to consider the effect of a sheriff's deed executed on a sale prematurely made.   That is the question involved here.

The counsel for the plaintiff insists that even upon the con-

struction of the law of 1877 as above indicated, still the deed should have been admitted in evidence, and that it was error to exclude it.   He claims the rule of law to be well settled, that the purchaser of mortgaged premises is entitled to the crops growing upon the land at the time of sale, and that the effect of the deed was to show that the plaintiff was entitled to recover the crops in this action as against the defendant. *Prima facie,* he says, the deed was valid, and could not be collaterally impeached.   Besides, by the third section of the act, the sale might be made within the year on the consent of the parties to the action, and, in the absence of all proof to the contrary, the presumption from the deed is, that such consent was given, and the sale legal.

In note (H), 1 Powell on Mortgages, 161, Mr. Coventry remarks, that, " when it is said that, as between the mortgagee and mortgagor, the mortgagee is entitled to the emblements, the meaning is, that when the mortgagor has personally occupied the premises, and the actual possession is afterwards delivered to the mortgagee by the sheriff or otherwise, the growing crops which are found upon the premises become part of the security, and may be applied by the mortgagee to his own use; but the principle does not apply to the case where the growing crops have been carried off by the mortgagor before the mortgagee obtains possession, and between the time of his demand and recovery of possession."   And this same rule of law has been substantially laid down or recognized by numerous authorities in this country.   Some of the cases bearing upon the point are cited in the brief of the counsel for the plaintiff.   But we do not find that any of these authorities go to the extent of holding that a purchaser at a foreclosure sale can, before he obtains possession of the premises, or even before the sale is confirmed by the court, maintain an action of replevin for the crops growing upon the premises.   In *Lane v. King,* 8 Wend., 584; *Shepard v. Philbrick,* 2 Denio, 174; *Simers v. Saltus,* 3 id., 214; *Gillett v.*

*Balcom*, 6 Barb., 370; *Howell v. Schenck*, 4 Zab., 89, and *Jones v. Thomas*, 8 Blackf., 428, the purchaser at the foreclosure sale had obtained possession of the premises, and it was held that he, or those claiming under him, were entitled to the growing crops. In the case before us, the purchaser, who was the mortgagee, has not acquired possession under the sale, nor did he offer evidence, or propose to show, in connection with the sheriff's deed, that the sale had ever been confirmed by the court. Under these circumstances, we are unable to perceive how the rejection of the deed could have injured the plaintiff. For if the deed had been admitted in evidence, and every presumption contended for in favor of its validity had been made, still the plaintiff would not have made out a case without proving other material facts which it is not claimed existed. Consequently the error in excluding the deed, if it were one, must, in the position of the case, be disregarded. *Gready v. Ready*, 40 Wis., 478. For we are clearly of the opinion that this action cannot be maintained without showing a confirmation of the sale by the court. Whether, indeed, it would be necessary for the plaintiff to go further, and actually acquire possession of the premises under the sale, before he could maintain replevin for the crops growing on the ground, is a question not now before us, and not considered. But surely it was essential to show that the sale had been confirmed; for until such confirmation the sale remained under the power of the court, and was liable to be set aside on proper cause. The title to the crops, with the right of possession, could not therefore be said to be absolutely and exclusively vested in the plaintiff before the sale had been reported and confirmed. This is the most favorable view of the case for the plaintiff that can be taken upon the facts. It is true, the record shows that demands have been made by the plaintiff for the possession of the premises, which demands have been refused. But this does not aid the case. If the sale is regular, it will doubtless be confirmed by

the court, and the purchaser has an ample remedy in the law to acquire possession and vindicate his rights in the crops.

We have assumed, thus far, that the tenant was bound by the judgment of foreclosure because his lease was not recorded at the time of filing the notice of *lis pendens*. This position is controverted by the counsel for the defendant, because he was in the open possession of the property when the foreclosure action was commenced. We shall not examine the question, inasmuch as the action must fail because the sale has never been confirmed. That question is decisive of the case.

*By the Court.* — The judgment of the circuit court is affirmed.

On a motion for a rehearing, appellant's counsel argued substantially as follows: 1. When this action was commenced, in August, 1878, no confirmation of a foreclosure sale was necessary to vest the title and right of possession in the purchaser. (1) C. C. Rule 31 of 1857 declares that, " unless otherwise specially ordered by the court, the judgment shall direct . . . . that the purchaser at such sale be let into possession of the premises on production of the deed; " and in *Loomis v. Wheeler*, 18 Wis., 524, this rule is construed as entitling the purchaser " to be let into possession, and, if need be, to a writ of assistance, *before confirmation of the sale.*" (2) Sec. 2, ch. 143 of 1877, provides that the sheriff's deed on such a sale " shall vest in the purchaser the same estate, and shall be as valid, as if the same were executed by the mortgagor and mortgagee to the same person, . . . . and the purchaser shall be let into the possession of the premises so sold, *on production of such deed.*" (3) The judgment in the foreclosure action, which was offered in evidence in this action by the plaintiff, adjudged that " the purchaser or purchasers at such sale, his or their assigns, be let into possession of the premises so sold, on production of the said sheriff's

deed or deeds." 2. But admit that confirmation was necessary to a valid and complete judicial sale. The sheriff's deed, being made by statute *prima facie* evidence that there was a valid sale, was *prima facie* evidence of every fact necessary to its complete validity, including, on this supposition, the fact that the sale was confirmed; and no rebutting proof was introduced. It is clear, therefore, that the nonsuit cannot be sustained on the ground that there was no proof of confirmation. 3. The rule of the common law applicable between mortgagor and mortgagee *before foreclosure,* as to the right to emblements, has no application to the question of the rights of the purchaser at a foreclosure sale. In the former case the mortgaged estate was a mere *pledge,* after the mortgagee's entry as well as before; but the authorities are uniform that by a foreclosure sale the purchaser takes absolute title in fee to the land, and with it the right to growing crops, as against the mortgagor and all persons holding the land under him in subordination to the mortgage. *Clark v. Beach,* 6 Conn., 142, 162; *Swift v. Edson,* 5 id., 535; *Lane v. King,* 8 Wend., 584; *Shepard v. Philbrick,* 2 Denio, 174; *Aldrich v. Reynolds,* 1 Barb. Ch., 613; *Crews v. Pendleton,* 1 Leigh, 297; *Jones v. Thomas,* 8 Blackf., 428; *Sherman v. Willett,* 42 N. Y., 150; *Samson v. Rose,* 65 id., 411; 1 Washb. R. P., 124; Willard on R. E., 89; Taylor's L. & T. (5th ed.), 390.

COLE, J. Only a few words need be said in answer to the elaborate argument filed on the motion for rehearing. In the above opinion attention is called to the important fact, that in *Lane v. King* and the other cases the purchaser at the foreclosure sale had entered into the actual possession of the premises, and this circumstance distinguishes those cases from the one at bar. If counsel will but refer to *Lane v. King,* they will find this stated as a fact, that the purchaser, King, put a tenant into possession, and that, "at the time of the entry of the tenant of King, there was a crop of rye in the ground on

that portion of the farm let to Lane [who was the tenant of the mortgagor], and when the grain was fit for harvesting, Lane entered and cut and carried away the grain, for the doing of which King sued him in trespass."

In *Shepard v. Philbrick*, JEWETT, J., says at the close of the opinion: "Shepard, having acquired the title to the mortgaged premises, which carried with it a title to the crop growing, and having acquired actual possession of the premises, showed a perfect title to the wheat in controversy, as well against Wright as Philbrick, the latter having no greater right or interest'in the crop than the former would have had if it had not been sold on execution against him prior to the sale under the mortgage." In *Sherman v. Willett*, 42 N. Y., 146, the mortgagee, Cornell, as administrator of the estate of the mortgagor, sold the growing crop on a public administrator's sale to the plaintiff, and he was held estopped from afterwards setting up any title or claim against his own sale. In *Aldrich v. Reynolds*, 1 Barb. Ch., 613, the mortgaged premises were advertised for sale under the statute, and the mortgagor obtained an injunction staying the sale, giving a bond for damages, etc. During the continuance of the injunction, he cut and removed the crops and grass from the premises. The premises did not finally sell for enough to discharge the mortgage debt, and the mortgagee was allowed, as part of his damages by reason of the injunction, the value of the crops and grass taken from the premises during the time the sale was stayed. The other authorities referred to on this point, in the argument on the motion, except the one in our own court, require no further comment.

II. But it is insisted that this court, in *Loomis v. Wheeler*, 18 Wis., 524, decided that no confirmation of sale under a foreclosure was necessary to vest in the purchaser at such sale the complete title of the property sold, and the right of possession, and that this case is decisive upon the question before us. That was an action brought by the purchaser at the

foreclosure sale, against the sheriff who made such sale and gave the deed, to recover damages for his refusing to execute a writ of assistance putting the plaintiff in possession. It was held, on demurrer, that the complaint stated no cause of action for reasons given in the opinion. Chief Justice DIXON further adds, that under rule 31, Rules of 1857, the purchaser at the foreclosure sale was entitled to be put into possession by a writ of assistance before the sale was confirmed. These remarks of the learned chief justice were, of course, *obiter*, and cannot properly be said to be a binding decision upon the point under consideration. We will also say that we are not entirely satisfied that the construction placed upon the rules of 1857 by the chief justice in that case, is correct. We do not think that these rules were intended to, or do in fact, change the long settled rule in chancery practice, that the sale should be confirmed before the purchaser is entitled to have the process of the court to put him into possession of the premises. Under that practice, it is well known that the application for the writ of assistance stated that the sale had been confirmed, and that a certified copy of the order of confirmation, together with the deed, was exhibited to the defendant when possession of the premises was demanded. See Appendix of Precedents in 3 Barb. Ch. Prac., bottom page 625. Nor does ch. 143, Laws of 1877, change this rule of practice, and render a confirmation of the sale unnecessary. We have been unable to find any well considered case which holds that a purchaser at the foreclosure sale can maintain an action of replevin for the crops growing upon the ground at the time of such sale, where the sale has neither been confirmed, nor possession of the mortgaged premises acquired by such purchaser. We therefore think that the former opinion was sound, and the motion for a rehearing must be denied.

*By the Court.* — Motion denied.