Bradley, J.
The expenses of the proceeding taken to ascertain and determine the damages sustained by reason of an injunction order are properly allowable when there is any occasion to institute it for, that purpose. Rose v. Post, 56 N. Y., 603; Lawton v. Green, 64, N. Y., 331; Newton v. Russell, 87 N. Y., 531.
The item of $ 19.75 was the amount of costs paid by the defendant to his attorney for preparing the papers in his action to foreclose the mortgage served two hours after the summons, complaint, and injunction in this action were served on him, and the expense of making the service.
The defendant caused his papers to be made out and sent to an officer to be served before he was advised of any purpose of the plaintiff to restrain him by injunction, and after the latter was served on him he had .no opportunity, to stay the service of the summons and complaint in his action before they were served. The injunction had the effect to require him to discontinue his action, and he did so.
The consequence was that this expense incurred in good faith was available to him for the purpose for which it was incurred, but that such purpose was defeated by the injunction which he had unintentionally violated. Although there was no order made directing the discontinuance of the defendant’s action, it cannot be said to have been done voluntarily. The plaintiffs had taken proceedings to punish the defendant for contempt, and to require him to discontinue and pay costs; and in the midst of that proceeding, the defendant, with the consent of the plaintiffs, discontinued without costs, by stipulation to that effect.. There was no error in the allowance of those expenses so incurred before the injunction was served, and before the defendant had any notice of the purpose to so restrain his action.
The referee allowed to the defendant f 50 for his expenses incurred for the purposes of, and in a motion made in his behalf to dissolve the injunction. The motion did not- result in dissolution. The injunction was so modified as to permit him to set up in his answer in this action, Ms cause of action-for foreclosure of his mortgage, and ask affirmative relief for that purpose. If his motion to dissolve was without any substantial success, the defendant was entitled to no allowance for the expenses of his motion. Allen v. Brown, 5 Lansing, 511; Randall v. Carpenter, 88 N. Y., 293.
The injunction enjoining the defendants • “ from bringing any action upon, or attempting to enforce his bond and ■ mortgage against one of the parcels embraced within the mortgage and. *431 against the plaintiffs, until the further order of the court. If this had the effect to deny him the right to set up in the answer, and thus seek affirmative relief, there may be some support for the defendant’s contention that his motion affording such right by way of modification of the injunction was not without some substantial advantage. But it is difficult to see how the injunction could be construed to have the effect to restrain the defendant from setting up his mortgage and seeking affirmative relief in this action, as such result would be dependent upon the determination against the plaintiff of the issue tendered by his complaint. The effect which the injunction order had, was to prevent the institution by the defendant of an action to enforce the bond and mortgage, and it did not go beyond that. The defendant therefore took nothing by his motion to dissolve the injunction, and was entitled to no allowance for the expenses of the motion. He was not, however, required to seek affirmative relief by answer in this action. And the injunction may be treated as restraining Him from proceeding to foreclose his mortgage.
After the termination of this action the defendant proceeded to judgment of foreclosure and sale, in an action brought by him for that purpose, and the proceeds of the sale of the mortgage premises were not sufficient to pay the mortgage, but there was a deficiency of over.f800. •
By this.restraint the defendant lost a sum equal to the amount of the interest upon the value of the security furnished by his mortgage during such disability, as his obligor was insolvent. The item of interest we think was properly allowed. Aldrich v. Reynolds, 1 Barb. Ch., 613; Roberts v. White, 73 N. Y., 375.
The order should be modified by deducting fifty dollars from the amount awarded to the defendant, and as so modified, affirmed, without costs of this appeal to either party.
Haight and Angle, JJ., concur;