### AMBERG *v.* KRAMER.

*(Supreme Court, General Term, First Department.   May 23, 1890.)*

REFERENCE—APPOINTMENT OF REFEREE—IRREGULARITIES WAIVED.

    The substitution by the court, without notice, of the name of another person in the order appointing a referee who has resigned, is an irregularity for which the order may be vacated, but is waived by appearing before the referee without moving to vacate.

Appeal from special term, New York county.

Action for an injunction by Gustav Amberg against William Kramer. The report of the referee appointed to assess the damages sustained by defendant was confirmed, and defendant appeals. For appeal from order appointing referee, see 8 N. Y. Supp. 821. For former litigation, see 3 N. Y. Supp. 240, 4 N. Y. Supp. 613, 6 N. Y. Supp. 303.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Joseph E. Newburger*, for appellant.   *David Gerber*, for respondent.

VAN BRUNT, P. J.   Upon the termination of this action an order of reference was granted, upon notice, to assess the defendant's damages sustained by reason of an injunction procured by plaintiff. This order appears to have been made and entered on the 12th of April, 1889. On the 8th of May, 1889, the referee named in said order resigned, and the learned judge seems after its entry to have stricken the name of the original referee therein named therefrom, and inserted the name of a new referee, without any notice to the plaintiff. Notice having been given of proceedings before the referee, the counsel for the plaintiff appeared, and stated that he wished it understood that he appeared without prejudice to an objection on his part to the propriety of the present referee acting herein on the ground that there had been no order entered substituting the present referee in place of the referee appointed by order dated April 12, 1889. He offered in evidence the original order, taken from the files, bearing the name of the new referee, showing upon its face that the name of the original referee had been erased. The referee overruled the objection, and the reference proceeded. Upon the coming in of the referee's report the plaintiff's attorney filed exceptions to the same, excepting to the findings contained in the referee's report, and to his conclusions of law, and to the refusal of the referee to find as requested by the plaintiff. These exceptions were overruled, and the report confirmed, from which confirmation this appeal is taken.

By the stipulation entered into by the parties, it is conceded that the amount of damages found by the referee, and confirmed by the court, is reasonable; and the only question argued upon this appeal was as to whether the whole proceeding was absolutely void because the referee was without authority or jurisdiction. Of course, if the referee was absolutely without jurisdiction, proceeding upon the reference without objection did not confer jurisdiction upon him. But we think that, although the proceeding by which the new referee was substituted for the old was absolutely irregular, and, if the plaintiff had moved to set the order aside as it had been altered, he would have been entitled as matter of right to have the same vacated, yet it was but an irregularity, which, by proceeding before the referee without moving to set it aside, the plaintiff waived. *Roberts* v. *White*, 73 N. Y. 375. The learned

judge below had no authority, after the order appointing the first referee had been entered, to make any alteration in the same whatever, except upon notice to the plaintiff's attorney, and by another order duly entered.   The order, after it was filed, became a public record, and was beyond the reach, for any purpose whatever, of the judge who made it; and the only way in which it could regularly be recalled, affected, or altered would be by the entry of a new order upon notice to the parties interested therein.   This, however, was, as already said, an irregularity which would have entitled the plaintiff, upon a proper motion, to have had the proceedings vacated.   But it was not for the referee to determine as to whether the order was regular or irregular.   He properly overruled the objection, and proceeded with the reference as directed by the order; and, his conclusion being correct, the exception thereto raises no question for review.   Upon the whole case, therefore, the order must be affirmed, but without costs.   All concur.