(6 Misc. Rep. 374.)

### LANGERMAN v. McADAM et al.

(Common Pleas of New York City and County, General Term. January 2, 1894.)

1. CONTEMPT OF COURT—LEAVE TO PURGE.

Where an order is made permitting a party charged with contempt in failing to appear for examination, as required by an order of court, to purge himself of the contempt by submitting to the examination, the contempt proceedings may be brought to a hearing after the examination, and punishment imposed, as the intention of the order is that the extent of the punishment is to be dependent on the party's readiness to obey the mandate of the court.

2. SAME—ACQUIESCENCE IN ORDER.

Where a party charged with contempt in disobeying an order to submit to an examination is afterwards permitted to purge himself of the contempt by submitting to the examination, which he does, he thereby concedes his guilt, and cannot afterwards question the regularity of the prior proceedings, except so far as they may be considered in mitigation of the punishment.

3. SAME—OBJECTIONS WAIVED.

Where a party who is ordered to submit to an examination before a referee appears from time to time, pursuant to adjournments, he thereby acquiesces in the propriety of the order.

Appeal from special term.

Action by Walter L. S. Langerman against George H. McAdam and Graham McAdam. From orders adjudging defendant George H. McAdam guilty of contempt, and fining him $30, (23 N. Y. Supp. 1000,) he appeals. Affirmed.

The said defendant was ordered to appear before a referee on November 9, 1892, for examination in behalf of the plaintiff, in order to enable the latter to frame his complaint in this action. The examination was postponed several times by consent, until November 22d, when the defendant appeared, and was sworn and examined at length. The examination was then adjourned to a subsequent day, when defendant was again examined at length, and adjournments were had thereafter until December 1, 1892, when defendant, by advice of counsel, omitted to appear before the referee. On December 2d the referee issued a summons to defendant to appear, which was disobeyed, under advice of counsel. On December 12th he was ordered by this court to show cause why he should not be punished for contempt in disobeying the original order for examination and the summons of the referee; and, after hearing both parties, an order was made on January 3, 1893, permitting the defendant to purge himself of his contempt in not appearing in obe-

dience to the order and summons, by submitting to a further examination before the referee, and further directing that the motion to punish him for contempt in the premises be suspended until his examination was concluded before the referee, then again to be brought to a hearing upon three days' time. After the examination was concluded before the referee, a motion to punish for contempt was heard, and an order made on June 3, 1893, adjudging defendant guilty of contempt in failing to appear in obedience to the original order for examination, and fining him $30 therefor. The defendant appeals from such order, and from so much of the order of January 3, 1893, as adjudges him guilty of contempt.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

George A. Stearns, for appellant.

Jacob P. Berg, for respondent.

DALY, C. J. Where a party is required to show cause why he should not be punished for contempt in failing to appear for examination, and an order is made by which he is permitted to purge himself of the contempt by submitting to the examination, and the motion to punish him is suspended until his examination is concluded, then to be brought to a hearing, he may, upon such hearing, be adjudged guilty of the contempt, and required to pay a fine. The plain construction and intendment of the order is that the question of the extent of the punishment to be inflicted is dependent upon his readiness to submit to the examination, and to obey the mandate of the court, and, if the fine subsequently imposed is no more than a fair compensation for the trouble caused his adversary by his previous misconduct, no ground for assailing the order exists.

By acquiescing in the order permitting him to purge himself of contempt by submitting to the examination, the defendant concedes that he was guilty of the offense, and cannot be permitted thereafter to question the regularity of any of the prior proceedings, except in so far as they were proper to be considered in mitigation of punishment; and as it appears that the facts were laid before the court, and a light fine was imposed, the order will not be disturbed.

But if the appeal from the order of January 3, 1893, may be deemed to bring up for review the propriety of said order, notwithstanding the defendant has acquiesced therein, and submitted to the examination ordered thereby, it is only necessary to say that he could not, and cannot, be heard to contest the regularity and sufficiency of the order which he had disobeyed, for the reason that he never moved to vacate it, but, on the contrary, treated it as regular, by consenting to proceed under it, to postpone and adjourn the hearing before the referee, and, finally, by partly submitting to the examination required by it. These acts constitute a complete waiver of all irregularities which might have been an answer to the proceedings to punish for contempt. Roberts v. White, 73 N. Y. 375; Amberg v. Kramer, (Sup.) 10 N. Y. Supp. 302; Fleming v. Tourgee, (Sup.) 16 N. Y. Supp. 2. Order affirmed, with costs and disbursements. All concur.