MEEHAN, Appellant, vs. BLODGETT, Respondent.

*September 9 — September 26, 1895.*

*Mortgages: Foreclosure: Reversal of order setting aside sale: Lien on redemption money for costs: Writ of assistance.*

1. A foreclosure sale was set aside, and money to redeem the premises was deposited by the mortgagor with the clerk of the court. Afterwards, on appeal, the order setting aside the sale was reversed and costs were awarded to the mortgagee, who thereupon notified the clerk that he claimed a lien upon the money so deposited; but the clerk nevertheless, on application, returned the money to the mortgagor. The mortgagee then moved for an order that his costs and damages be paid out of the money deposited. *Held,* that this motion was properly denied, the money having already been rightfully withdrawn.

2. A writ of assistance to put the purchaser at a foreclosure sale in possession of the premises will not be issued before the sale has been confirmed.

APPEAL from an order of the circuit court for Portage county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

Motion by *James Meehan* for a writ of assistance, and to obtain a lien on money deposited to redeem from a foreclosure sale. On the 4th day of December, 1889, the plaintiff obtained a judgment of foreclosure and sale in an action to enforce a mortgage upon land in Portage county, Wis. In due time the mortgaged premises were sold under the judgment to the plaintiff for $875, and a sheriff's deed was executed to him, under which he took possession of the land and held it until March, 1893. Defendant then obtained possession of the premises. On application to the court, April 27, 1893, an order was entered setting aside the sale; and thereafter, on the 29th day of December, 1893, this court reversed such order and awarded costs to the plaintiff. [86 Wis. 511.] May 10, 1893, defendant paid to the clerk of the circuit court $963.38, to redeem from the fore-

closure sale.   Upon plaintiff hearing of the result of the ap-
peal, he notified the clerk that he claimed a lien on the
money deposited, to the amount of $250; but, notwithstand-
ing such notice, the clerk, on application, returned the money
to the defendant's attorney.   January 5, 1894, thereafter,
and subsequent to the filing of the *remittitur*, plaintiff made
a motion in the circuit court for an order reversing its for-
mer order, and for a confirmation of the sale.   Before such
motion was heard, he moved the court for an order direct-
ing the issuance of a writ of assistance to put him again in
possession of the premises, and also for an order that his
costs and damages incurred in the proceedings heretofore
referred to be paid out of the money deposited with the
clerk.   Before the first motion was determined, the second
motion was decided, and an order entered denying the same
upon the ground that the foreclosure sale had not yet been
confirmed, but without prejudice to renew the motion after
such confirmation, upon proof that the defendant was still
in possession.   The court also refused to grant the motion
for a lien on the money deposited with the clerk, for the
reason that the fund had passed beyond control of the court.
From the order entered on the second motion an appeal .
was taken to this court.

The cause was submitted for the appellant on the brief of
*Henry W. Lee,* and for the respondent on that of *Raymond,
Lamoreux & Park.*

MARSHALL, J.   The money deposited with the clerk to re-
deem the mortgaged premises was rightly withdrawn before
the motion was made to obtain a lien thereon; and there-
fore, if such lien could in any event have been obtained, the
motion came too late and was properly denied.   The writ of
assistance was properly denied upon the ground that the
sale had not yet been confirmed. · *Loomis v. Wheeler,* 18 Wis.
524, is cited by counsel for appellant to the point that the

denial of the motion to set aside a sale is equivalent to a confirmation, but an examination of the case fails to disclose that any such question was either presented or decided, or. that any suggestion of that kind was made. The court there held, under a rule of court then existing, that the purchaser at a foreclosure sale was entitled to be let into possession, and, if need be, to a writ of assistance before the confirmation of the sale; but sec. 3169, R. S., provides that the purchaser at a foreclosure sale, on production of the sheriff's deed, shall be let into possession, and the court may, if necessary, issue a writ of assistance to deliver such possession; and in *Welp v. Gunther,* 48 Wis. 543, this court distinctly held that this section defines the rights of the purchaser after confirmation of sale. Neither title nor right of possession in the purchaser absolutely exists until after confirmation. *Wœhler v. Endter,* 46 Wis. 301.

Some other questions are presented by the record and have been considered, but they fail to disclose any ground for a reversal of the order appealed from.

*By the Court.*— The order of the circuit court is affirmed.