■ DAVID MARGULIES et al., Appellants, v MURRAY STEINFINK, Respondent.—In an action, *inter alia,* to enjoin defendant from constructing a certain drain upon plaintiffs' property, in which a judgment was entered in favor of defendant, *inter alia,* permitting him to construct the drain subject to certain conditions, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County, entered August 8, 1978, as, after a hearing to determine the damages suffered by defendant due to the issuance of a preliminary injunction, awarded $9,500 as additional cost of construction and $5,000 as an attorney's fee. Order modified, on the law, by deleting therefrom the award of $9,500 as increased cost of construction and substituting therefor the sum of $2,000 as the cost of putting the land back in the same condition as when the preliminary injunction was granted. As so modified, order affirmed insofar as appealed from, with costs to defendant. A preliminary injunction was granted on

August 23, 1976, preventing defendant-respondent from constructing a drain across an easement, which in turn prevented him from commencing construction of a planned residence. At the time the injunction went into effect, certain land clearing and excavation had already been completed. At the same time respondent had a contract to sell another residence which he then occupied. Since he could not build his planned residence, he was required to purchase another residence. A trial was subsequently held at which appellants herein sought a permanent injunction. The court found for respondent and ordered that a hearing be held to assess the damages sustained by respondent as a result of the injunction. This appeal is taken from the order made after said hearing. Respondent has not resumed construction of his planned residence and presented no evidence at the hearing of an intent to do so. However, one of the items of damage awarded by the court was $9,500 as the increased cost of construction of the residence. With respect to this sum, $2,000 represents the cost and expense of putting the property in question back into the same condition as it was when the preliminary injunction was granted. The damage award was correct only insofar as it included $2,000 for land restoration. The amount representing the balance of the $9,500 award was never expended by respondent because the planned residence was never constructed. While there is no doubt that loss occasioned by increased costs of labor and materials is a recoverable claim (see *Roberts v White,* 73 NY 375), the only damages recoverable are those which were actually suffered (see 28 NY Jur, Injunctions, § 196). In the absence of any evidence of at least an intent to commence construction of the planned dwelling, the award for increased cost of construction was improper. The award of the attorney's fee was not excessive. Hopkins, J. P., Suozzi, Cohalan and Margett, JJ., concur. .