P. A. DUNN & CO. v. CHARLES P. TILLERY and wife.

*Mortgagor and Mortgagee—Lessor and Lessee—Rents.*

A mortgagor of land left in possession (or his assignee) has the right to appropriate the profits arising therefrom to his own use, or to lease to another and take the accruing rent ; and this right remains until divested by some positive interference of the mortgagee ;

*Therefore,* where the plaintiff (assignee) agreed to sell said land to the defendant who was let into possession, and upon default of payment of the purchase money the plaintiff elected to treat the defendant as a tenant at a certain sum for rent, as provided in the contract of sale ; and afterwards, the mortgagee sold and conveyed the land under a power in the deed to pay the original debt secured thereby ;

*It was held,* in an action for the rent, that defendant's occupation by the election of plaintiff was changed from that of vendee to that of lessee, and that the plaintiff was entitled to recover.

*Held further,* that the incapacity of plaintiff to make title to the land exonerated defendant from the payment of the purchase money.

(*Hook* v. *Fentress*, Phil. Eq. 229 ; *McKesson* v. *Mendenhall*, 64 N. C. 286 ; *Nichols* v. *Freeman*, 11 Ire. 99, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1878, of HALIFAX Superior Court, before *Seymour, J.*

R. P. Spiers was indebted in a large sum to H. J. Hervey and to secure the same, on the 1st day of January, 1875, conveyed to him by deed of mortgage a valuable tract of land. The debt consisted of two equal installments of $2995 each payable respectively with interest at one and two years from that date. The deed contained a clause conferring a power of sale on the mortgagee in default of payment of each of the installments as it fell due. Thereafter and before the first payment became due, the mortgagor sold and conveyed his interest and right of redemption in the land to the plaintiffs.

On the 11th day of February, 1876, an agreement was entered into between the plaintiffs and the defendants, re-

32

citing the purchase of the said land by the defendant, Annie F. Tillery from the plaintiffs at the price of $5250, and her execution of five several notes for equal parts thereof, payable respectively in five successive years, and stipulating that on payment of the purchase money, title to the land should be made free of all incumbrance. The agreement also authorized a sale by the plaintiffs if the vendee should fail to pay any of the installments.

It was further provided that the vendee should take and keep possession without molestation from the plaintiffs until the first payment became due, and in case of default therein the plaintiffs might at their election treat the vendee's possession as that of a tenant, and receive the sum of $550 as rent for the preceding year's occupation, and this sum to be credited on the note—the contract of purchase remaining in full force against her. The crops were also pledged to the payment of the rent. On the 10th day of March, 1876, the parties entered into another contract for supplies to be advanced by the plaintiffs to enable the defendants to carry on their farming operations, and to secure such advances, the latter gave an agricultural lien under the statute on the crops to be raised on the land, subordinate to the prior lien for rent, and conveyed several mules on condition that unless the moneys advanced were repaid before December the 1st, 1876, the plaintiffs might take possession and sell for their reimbursement.

The debt secured in the mortgage not being paid, the land was sold by H. J. Hervey under the power conferred in the mortgage for $2100, and conveyed to the purchaser on the 12th day of February, 1877. The defendants did not provide for the payment of the first installment of the purchase money, and the plaintiffs made their election under the agreement to treat the defendants' occupation as a tenancy, and required payment of the rent money due therefor.

The action is to recover the unpaid residue for advances and rent. The defendants resist the demand for rent on the ground of the plaintiffs' incapacity, in consequence of the sale under the mortgage, to execute their contract; and say that the plaintiffs have funds more than sufficient to pay for the advances received from the defendants.

Upon these facts His Honor gave judgment for the defendants, and the plaintiffs appealed.

*Messrs. R. O. Burton, Jr.*, and *Gilliam & Gatling*, for plaintiffs.
*Mr. T. N. Hill*, for defendants.

SMITH, C. J. (After stating the case as above.) The only question before us is as to the sufficiency of the defence, and whether the defendants are exonerated from their obligation to pay rent.

A mortgagor left in possession has an undoubted right to appropriate the land and all the profits arising from its occupancy to his own use, and has a like right to lease to another and take the accruing rent. This right remains until, by some positive act, the mortgagee interferes and claims possession, or that the tenant shall account to him for the profits or for rent. The plaintiffs succeed to all the rights of the mortgagor, and may do whatever he could have done. The defendants' occupation by the plaintiffs' election was changed from that of vendee to that of lessee, with the correspondent obligation to pay the stipulated rent therefor. It is true that a vendor (whom a mortgagee very much resembles in his legal relations to the other contracting party) who permits his vendee to go into possession, may resume his possession; or, on notice given those who are in possession, require rent to be paid to him, as was held in *Hook v. Fentress*, Phil. Eq., 229; or, if such claim was asserted against a tenant by the real owner, he would be at liberty

to show such paramount title in another, by whom he was held liable for the use and occupation of the premises, as a defence or counter claim to the action of the lessor. *McKisson* v. *Mendenhall*, 64 N. C., 286. But nothing of the kind exists here. No claim has been made if indeed it could be made by the mortgagee, of the defendants for rent or otherwise. The express obligation to pay rent to the plaintiffs remains in force undisturbed by any conflicting claims from others. Unless this contract can be enforced by the plaintiffs it can be by no one else, and the defendants will have had the gratuitous use of the land under a promise to pay rent, freed from all obligation to do so. The very acquiescence of the mortgagee is an implied assent to the lease, confirmed by his inaction since.

The opposition to the plaintiffs' recovery however is based mainly on their inability to make title, and thus perform their part of the contract of sale. Their incapacity does exonerate the defendants from making payment of the purchase money, and as was held in *Nichols* v. *Freeman*, 11 Ire. 99, is itself a breach of contract for which an action lies. But we do not see how, when the defendants have had undisturbed possession for the year of the leased premises, for which they expressly agreed on the contingency which has occurred to pay a specific rent, they can retain the benefits of their occupation and use of the land, and at the same time escape their correlative and assumed obligation to pay.

We are relieved from any inquiry into details, inasmuch as in the case agreed the parties specify what judgment shall be entered up and the relief to be given in case of our holding that the plaintiffs can recover. The judgment below is reversed, and judgment should be entered according to the case agreed, and the cause is remanded to be further proceeded with in the Court below.

Error.                                    Reversed.