T. W. CARR AND WIFE v. O. W. DAIL et al.

*Mortgage—Mortgagor in Possession—Right of Mortgagee to Crops—Priority of Agricultural Lien.*

Where a mortgagor was allowed to remain in possession and during such possession executed an agricultural lien under which he obtained advances in aid of the cultivation of the crop; and upon a suit for foreclosure the lands and rents were put into the hands of a receiver: *Held*, that, although the agricultural lien was improperly registered, it was good as between the lienee and mortgagor, and that equity would not subject the rents in the hands of the receiver to the payment of the mortgage indebtedness, except in subordination to the claim of such lienee, to be reimbursed to the extent of the advances made in aid of cultivation of the crops up to the time of the sequestration.

(Syllabus by SHEPHERD, C. J.).

CIVIL ACTION, heard before *Bryan, J.*, at November Term, 1893, of GREENE Superior Court, upon an agreed statement of facts, of which a sufficient synopsis is given in the opinion of Chief Justice SHEPHERD.

The interpleader, Parker, who claimed a lien for advances to the mortgagor while in possession, but whose mortgage was improperly registered, appealed from the judgment

CARR *v.* DAIL.

declaring his mortgage invalid as against the plaintiff mortgagee.

*Mr. George M. Lindsay,* for plaintiffs.

*Mr. T. C. Wooten,* for defendants (appellants).

SHEPHERD, C. J.: In the case of *Killebrew* v. *Hines*, 104 N. C., 182, we had occasion to discuss at some length the rights of a mortgagee to the crops cultivated by a mortgagor in possession. We then declared, in accordance with well-settled principles, that a mortgagor in possession is the owner of the crops; that the mortgagee has no legal property rights therein, and that even when he enters he holds them as a mere incident to his right to the possession of the land. In such a case he is held to a strict account and the crops are only chargeable in equity with the mortgage indebtedness when the land is insufficient in value to discharge it. "Equity makes the mortgage, as between the mortgagor and mortgagee, a charge upon the rents and profits whenever the mortgagor is insolvent and the security is inadequate. In this respect it is said by some authorities that 'the land with all its produce' is regarded as a security for the mortgage debt, as between the mortgagor and mortgagee, and where the security of the land is hazardous or already insufficient, a receiver may be appointed for the purpose of subjecting the rents and profits of the mortgaged land, thus charging the produce with an *equity*, though up to the time of sequestration there was no lien upon it." It was also stated in the opinion that though the products might be so subjected they could not be said to be encumbered so as to give a preference to a mortgagee as against another creditor who had previously obtained an express lien upon the same. We further observed that "even after entry or sequestration, where the mortgagor

has been permitted to remain in possession and cultivate the soil, the lien for advances in aid of the cultivation of the crops must prevail.   We put this on the ground that this implied agreement to remain in possession must be presumed to have been made with reference to the general law, and it provides that the agricultural lien shall be superior to all others, except that of the landlord.  Another reason is that equity will not charge the crops so as to defeat the superior equity of the lienee, who has borne the expense of their cultivation and production.   To hold that under such circumstances the mortgagee may enter and appropriate to his exclusive use the entire crop would be dealing a fatal blow to a numerous class of agriculturists in this State, many of whom are so unfortunate as to have their lands encumbered by mortgages."

Applying these principles to the case before us, we are of the opinion that there was error on the part of the Court in ruling that the interpleader, Parker, was entitled to no relief.   It does not appear that there were any proceedings to foreclose, as to the land on which this crop was cultivated, until the 27th of March, 1893; nor does it appear that the crops were then sought to be sequestered.   The mortgagor, therefore, up to the time of the entry of the mortgagee, was occupying the land under an implied agreement that he might cultivate it for that year, and in pursuance thereof had obtained supplies from Parker, and had presumably at the time of the entry actually planted the crops.   It may be true that this implied agreement might be revoked as between the mortgagor and mortgagee, but until this was done by entry or proceedings to sequester, Parker had a right to deal with the mortgagor as one entitled to the possession of the land, at least to the extent of being protected by way of his agricultural lien for the amount of the advances already made.   The mortgage of

Parker, according to the facts agreed, was executed in January, 1893, for the purpose of securing such advances, and, although improperly registered, was an effectual lien between the parties. The decree permitting the entry of the mortgagee was modified in a few weeks after it was made, and the land and its future products were put into the hands of receivers, who are now in possession of the rents, awaiting the direction of the Court. During his brief period of possession it does not appear that the mortgagee made any advances whatever, and all that he did, so far as the record discloses, was to adopt the tenants in possession as his own. He now prays the Court to turn over to him all of the said rents without paying to the said Parker the advances made by him in aid of their production. Nothing but some express provision of law can authorize the Court to give its sanction to so inequitable a result, and we are glad to say that we have found nothing in our decisions or statutes which deprives the interpleader of his right to be reimbursed for advances made during the possession of the mortgagor.

As the case now stands, in view of the modification of the decree of the Court putting the possession of the land and the crops into the hands of the receivers, we cannot regard the possession of the tenants, as against the interpleader Parker, as the possession of the mortgagee, and the present action must therefore be considered as a proceeding on the part of the mortgagee to charge the said rents with an equitable lien, the proceeds of the land having been found insufficient to discharge the mortgage indebtedness. In other words, he prays the equitable aid of the Court to place him in the same position which he would have occupied had he been in the possession of the land at the time of the maturity of the crops and had thereby acquired the actual possession of the latter. The question is, Shall this

CARR *v*. DAIL.

be done to the prejudice of Parker's claim, to be reimbursed the amount advanced by him while the mortgagor was in possession? As we have said, Parker now has an effectual lien as against the mortgagor. The mortgagee has no lien whatever, and we do not see how the Court can *create* a lien in his favor as against Parker without contravening one of the fundamental principles of our jurisprudence embodied in the maxim "that he who seeks equity must do equity." Even had the mortgagee been permitted to remain in possession it would be questionable whether he could defeat the rights of Parker, but where, as in this case, he neither has the possession of the land nor crops, and is seeking equitable relief, we think it very clear that his relief must be subordinated to the superior claim of the said interpleader. Had the agricultural lien been registered there can be no doubt as to Parker being entitled to relief (Acts 1889, ch. 476), and for the reasons given the want of registration, under the peculiar circumstances of this case, cannot, as against the mortgagee, change the result.

The case of *Spruill* v. *Arrington*, 109 N. C., 192, cited by plaintiffs' counsel, is easily distinguishable from this in that the entry was made by a purchaser under a decree of foreclosure, there was a change of possession, and furthermore the Act of 1889 was enacted after the execution of the agricultural lien, and therefore inapplicable.

The judgment must be reversed and the rights of the parties adjusted according to the principles declared in this opinion.                                    Reversed.