JOHN L. HINTON v. W. P. WALSTON.

*Mortgagor and Mortgagee—Mortgagor in Possession—Growing Crops—Agricultural Lien—Severance of Crops.*

1.  A mortgagee of land is not the owner of the crops growing thereon, and if the latter be severed before entry by the mortgagor, he cannot recover them, except by charging them in equity, in a suit between the parties only, upon the insolvency of the mortgagor and the inadequacy of the land as security.

2.  Where a mortgagor in possession has given a lien upon the crops for advances to aid in cultivating them, such lien is superior to that of the mortgagee of the land.

3.  Where one in adverse possession of land severs the crops before recovery in an action by the owner of the land, the latter cannot assert any legal right to the crops, and an application for sequestration, in equity, of such crops will not be allowed to the prejudice of an agricultural lienor.

This was a CIVIL ACTION, tried at March Term, 1894, of CAMDEN Superior Court, before *Armfield, J.*, and a jury, the object being the recovery of a certain lot of corn in the possession of the defendant Walston. The defendant C. Guirkin, Trustee, was, upon his own motion, made a party defendant.

Upon the trial it appeared that one Temple had conveyed the land upon which the crops were grown to E. V. Hinton, Trustee, to secure a debt due to the plaintiff, and had thereafter sold and conveyed the land to the defendant Walston, who, to secure the purchase-money, conveyed to W. J. Griffin, Trustee. In August, 1891, E. V. Hinton, Trustee, sold the land under the power of sale, and conveyed to the plaintiff. Prior to the advertisement of the sale under the deed of trust, and while Walston was in possession, the latter executed a chattel mortgage to the defendant Guirkin, Trustee, to secure a debt due to Guirkin & Co., which was for money advanced for cultivation of the crops raised in the year 1891, which were included in the chattel mortgage. The plaintiff was

not a party to the chattel mortgage, and had no notice thereof, except from its registration.

The corn claimed in this action was cultivated and raised upon the mortgaged land by Walston, and not by any tenant of his, and was growing at the time of the sale by Hinton, Trustee. Plaintiff brought suit for the land to September Term, 1891, and, pending the action, the crops were severed and housed on the land. Judgment was rendered in favor of the plaintiff in such action in September, 1892. Immediately after the severance of the crops, and while the action for the recovery of the land was pending, the plaintiff brought this action of claim and delivery for the crops.

The following issues were submitted:

" 1. Is the plaintiff the owner and entitled to the possession of the property described in the complaint?

" 2. What is the value of the property ? "

His Honor charged the jury that, upon the evidence, they should answer " No " to the issue, " Is the plaintiff the owner and entitled to the possession of the property described in the complaint? " To this charge the plaintiff excepted and, after verdict and judgment for the defendant, appealed.

*Messrs. W. J. Griffin* and *Pruden & Vann*, for plaintiff (appellant).

*Messrs. Grandy & Aydlett*, for defendant.

SHEPHERD, C. J.: Conceding, for the purpose of the argument, that the relationship substantially of mortgagor and mortgagee still exists between the plaintiff and the defendant Walston, it is clear that the plaintiff as mortgagee cannot recover the crops which are the subject of this controversy. These crops were grown by the mortgagor while in possession, and were actually severed before the entry of the mortgagee. In *Killebrew* v. *Hines*, 104 N. C., 182, it was held that the mortgagee is not the owner of the growing crops of the

mortgagor in possession, and that if they are severed before entry, the mortgagee cannot recover them. It is true that it was suggested in the opinion, that, as between the parties, the crops, although severed, might, before removal, be charged in equity upon the insolvency of the mortgagor and the inadequacy of the land as security, but it is plain that equity would never extend such relief to the prejudice of third persons who have acquired interests in the crops, and especially as against one like the defendant Guirkin, who has not only, it seems, acquired the legal title by virtue of his chattel mortgage and actual severance of the crops, but also a superior standing in equity, by reason of his having -supplied the means necessary for the production of the same.

So, even independent of the Act of 1889, ch. 476 (which it is argued applies only to formal agricultural liens), the plaintiff could not invoke equitable relief. *Carr* v. *Dail*, 114 N. C., 284. In this case, however, no equitable relief is asked, and even as against the mortgagor, it could not be granted, if prayed for, as there is nothing in the case to show the insolvency of the mortgagor, or the inadequacy of the security. The plaintiff, then, relying strictly upon his alleged legal rights, could not recover as against the mortgagor; *a fortiori*, he could not recover as against the defendant Guirkin.

On the other hand, if we treat the case as if the relationship of the mortgagor and mortgagee had ended, the plaintiff would be equally unfortunate, as it is well settled that when one in the adverse possession of land severs the crops before recovery, the owner of the land cannot assert any legal claim thereto. *Faulcon* v. *Johnston*, 102 N. C., 264. His remedy, pending an action of ejectment in case of insolvency, is by injunction or the appointment of a receiver, who collects the rents, in order that the right to the *mesne* profits may not be defeated. *Killebrew* v. *Hines, supra.* No such interlocutory relief was invoked by the plaintiff, and even if granted, it would not, for the reasons above given, have affected the rights of Guirkin.

This is a purely legal action, but, even if equitable relief had been prayed for, the plaintiff, as we have seen, could not have recovered. The conclusion of his Honor, therefore, in any point of view, was correct, and the judgment must be

Affirmed.