GEORGE CREDLE, H. W. WAHAB and M. MAKELY, v. STEVEN B. AYERS.

(Decided February 20, 1900.)

*Ejectment—Vendor—Mortgagee—Remedies on Default of Payment—Measure of Damages—Mesne Profits—Surrender of Possession—Case Under Reference—Control by Judge.*

1. In default of payment by mortgagor or vendee under contract of purchase, the remedy is by action for possession of the land; for sale and foreclosure; for judgment for the rent; or for all three remedies.

2. Where they are permitted to retain possession, before or after breach, they are entitled to the rents and profits, in the absence of an express stipulation to the contrary in the written contract; but the withholding of possession, after suit brought, becomes wrongful, and they become liable for mesne profits, like other defendants in ejectment.

3. Where the surrender of possession is made by defendant after suit brought, that does not release him from liability for rents and profits during the wrongful withholding, in the absence of a stipulation to that effect.

4. Ordinarily, under the present practice, damages are recoverable up to the trial; but where the relation of mortgagee and mortgagor exists between the plaintiffs' vendors, who join in the contract of conveyance to the defendant, and he surrenders possession after suit brought, to the mortgagee, who had foreclosed his mortgage against his coplaintiff, the mesne profits, as fruit fallen during the wrongful withholding, goes to the mortgagor, and not to the mortgagee plaintiff.

5. In passing upon the rental value of land sued for, it is not competent to admit evidence as to the rental value of adjoining farms, as that would raise collateral issues.

6. The measure of damages is the actual rental value of the land, and not what the defendant actually gathered from the land.

7. The Judge retains control of a case under reference, and may find facts for himself from the evidence reported, without a re-reference. *Brackett v. Gilliam*, 125 N. C., 380.

ACTION for the possession of a tract of 6,352 acres of land, known as the Donnell Farm, heard before *Bowman, J.*, at Spring Term, 1899, of the Superior Court of HYDE County, upon the report of referee, and exceptions thereto filed by defendant.

*Statement of Facts.*

This was an action of ejectment brought by Wahab, Credle and Makely against Ayers for the possession of a tract of land in the county of Hyde, known as the Donnell Farm. Wahab and Credle had bought the farm from the Donnell heirs, and, after paying a part of the purchase money, had executed a deed of trust or mortgage to secure the balance of the debt. Some of the bonds representing the purchase-money debt were assigned by the Donnell heirs to Makely, and some were retained by one Bryan, trustee for the Donnell heirs. Makely also held a mortgage upon the land securing another debt due him. On July 1, 1893, Wahab and Credle contracted and agreed to sell the land to Ayers for the sum of $40,000, which Ayers agreed to pay in installments of $5,000, the first of the said installments being due and payable on the first day of November, 1894, and $5,000 on the first day of November in each subsequent year, with interest on all unpaid sums, payable annually, until the whole sum was paid. Upon failure to pay any of the installments the whole of the purchase money became due and payable. Makely was a party to this contract of sale, or bond for title, and agreed to acquire the debt due Bryan, trustee, and to extend the time for the payment of this and his own debt, amounting to about $25,000, to conform to the payments to be made by Ayers. It was agreed that the payments of purchase money by Ayers should be applied to the Makely debt,

then owned or to be acquired, until the whole thereof was paid. This contract appears in the printed record (p. 75). Ayers paid no part of the purchase money due by his contract, as the referee finds. After default and breach of condition, and after due notice and demand for possession, which defendant refused to surrender, this action was brought on December 4, 1894. This demand and refusal are alleged in the complaint and admitted in the answer. In order to answer and contest the plaintiffs' right to possession, the defendant gave bond under The Code, sec. 237, in the sum of $200, subsequently increased to $5,000, to secure rents, profits, etc. This bond of $5,000 and the order requiring it will be adverted to later. Pending this action, Wahab and Credle being unable to pay the debt due Makely, Ayers refusing to pay it as he had agreed, Makely instituted an action to foreclose against Wahab and Credle. Ayers was not a party to this action. The land was sold under the foreclosure decree and bought by Makely. Ayers then voluntarily surrendered possession to Makely, who took possession in May, 1896. The debt of Makely was extinguished by his purchase and by his cancelling his judgment. There was no surplus, after paying the Makely debt, to go to Wahab and Credle. Unless they can charge the defendant and the sureties upon the two bonds, they lose the land by the default of Ayers and get nothing on the purchase money. By agreement entered of record by the referee, L. L. Smith, Esq., it was agreed that the inquiry should be confined to the rents for the year 1895, and if there should be any recovery therefor it should belong to Wahab and Credle.

The main point of controversy before the referee and before the court related to the question of damages. ·

The plaintiffs contended for the actual rental value of the

land; the defendant contended that the plaintiffs were not entitled to any damages as rents whatever, but were only entitled to judgment for the purchase money, and in default thereof, for the sale of the land under order of the court. The rental value, for the time agreed upon, as reported, was $3,200—this sum the referee ascertained to be due the plaintiffs Credle and Wahab, and so reported, and defendant excepted to the finding.    His Honor, upon the hearing, confirmed the report, and rendered judgment accordingly. Defendant excepted and appealed to the Supreme Court.

The report, exceptions, and rulings thereon are all considered in the opinion.

*Mr. Chas. F. Warren,* for Wahab & Credle.

*Messrs. Small & McLean, Shepherd & Shepherd,* and *S. S. Mann,* for appellant.

CLARK, J.   The vendee having defaulted in payment of the first installment of the purchase money, due November, 1894, the vendors (and their mortgagee Makely, who had joined in the contract of sale), brought an action of ejectment in December, 1894, at the end of thirty days thereafter under the terms of the contract.   The plaintiffs could have brought their action either (1) for possession of the land, (2) for sale and foreclosure, or, (3) *in personam* for judgment for the debt, or for all three.   They elected to take the first and have sued for possession and damages for withholding. *Allen v. Taylor,* 96 N. C., 37; *Silvey v. Axley,* 118 N. C., 959.

The defendant contends that he is not liable for mesne profits and relies upon *Killebrew v. Hines,* 104 N. C., 268; *Carr v. Dail,* 114 N. C., 284, and *Hinton v. Walston,* 115

N. C., 7. Those cases hold that a vendee or mortgagor, before or after breach, who is permitted to retain possession, is entitled to the rents and profits (unless there is an express stipulation in the contract or mortgage to the contrary, as in *Egerton v. Crinkley,* 113 N. C., 444; *Jones v. Jones,* 117 N. C., 254), but here the withholding by the defendant, after action brought in December, 1894, was wrongful, and he became liable, like any other defendant in ejectment, for the mesne profits. For what other purpose than to secure such mesne profits is the defense bond required under The Code, sec. 237? Had the bond not been given, or not raised to $5,000, as required by the Court (*Rollins v. Henry,* 77 N. C., 467), the plaintiffs would have had possession by default, Code, sec. 390, *Norton v. McLaurin,* 125 N. C., 185, and cases cited; or if the defendant had been allowed to defend without the bond, by reason of poverty, a receiver would have been appointed to secure the rents and profits. *Horton v. White,* 84 N. C., 297. This case differs from *Leach v. Curtin,* 123 N. C., 25, in that possession is here sued for and demanded in the complaint.

The defendant surrendered possession to Makely, in May, 1896. That did not release the defendant's liability for rents and profits for 1895, during the wrongful withholding, unless there had been a stipulation to that effect. Otherwise, any tenant in possession could wrongfully withhold possession of land after action brought, and enjoy the rents and profits till forced to trial, and then release himself and bond from liability for mesne profits by abandoning possession. In such case the plaintiffs take judgment for the mesne profits till they got possession and for the title, but not for the possession. *Woodley v. Hassell,* 94 N. C., 157; Clark's Code, (3d Ed.), sec. 384.

Under the former practice in actions of ejectment, damages were recoverable only up to the time action was begun, but under the present system they are recoverable up to the trial. *Pearson v. Carr,* 97 N. C., 194; *Arrington v. Arrington,* 114 N. C., at p. 120; 10 Am. and Eng. Enc. (1st Ed.), 537; Sutherland on Damages, sec. 848. Here, up to surrender of premises, and by agreement in the order of reference, these are restricted to the rents and profits for the year 1895.

The mortgagee, Makely, foreclosed and bought the premises in May, 1896. That could have no effect upon the liability of the defendant for mesne profits during his wrongful withholding. This being "fruit fallen" by the defendant's own authorities, *Killebrew v. Hines,* and others above cited, would go to the plaintiffs Credle and Wahab, and not to their coplaintiff and mortgagee, Makely. But the defendant is relieved from difficulty, as Makely is a coplaintiff assenting to the recovery of judgment by Credle and Wahab, and, besides, his express agreement releasing such mesne profits to them is in the record.

The referee finds as a fact that the defendant by his negligence and want of good husbandry materially lessened the productiveness of the land and exposed the crop to the depredation of hogs and cattle. He correctly held as a matter of law that the measure of damages was the actual rental value of the land, and not what the defendant actually gathered from the land. The language of the defense bond required by The Code, sec. 237, is for payment of costs and damages for loss of rents and profits. The object is to put the plaintiffs, when wrongfully kept out of possession, *in statu quo* by giving as compensation the rental value that could have been had if the possession of the premises had not been withheld. 10 Am. and Eng. Enc. (1st Ed.), 542 (c).

The defendant further excepted because the referee failed to pass upon certain objections to evidence, and that the Judge, instead of referring the case, found those facts himself. This was admissible. *Wallace v. Douglass,* 103 N. C., 19; *Brackett v. Gilliam,* 125 N. C., 380. And the defendant has had benefit of those exceptions in his exceptions to the rulings of the Judge. Nor was there error in the referee rejecting evidence as to rental value of adjoining farms, as that would have raised collateral issues. *Warren v. Makely,* 85 N. C., 12; *Bruner v. Threadgill,* 88 N. C., 361; *Hinton v. Pritchard,* 98 N. C., 355.

Affirmed.