LYONS, Appellant, v. ADEL, Respondent.

(164 N. W. 56.)

(File No. 4172.    Opinion filed August 30, 1917.)

1. **Mortgages—Replevin of Crop on Mortgaged Land—Second Mort-**
   **gagee, Holding Foreclosure Deed, Failure of to Redeem from.**
   **Prior Foreclosure—His Remedy.**

   Where a first and a second mortgage were given successive-
   ly upon land, and foreclosures respectively made in the order
   of priority, each mortgagee taking sheriff's deed on the same
   date, the second mortgagee thereafter receiving a conveyance
   of the land from first mortgagee, **held,** in replevin suit against
   mortgagor by second mortgagee holding said titles, to recover
   wheat grown on the land by mortgagor from seed sown during
   year of redemption under both mortgages, and cut and har-
   vested a few days after said year had expired, that when
   plaintiff failed to redeem from the first foreclosure he lost all
   his rights under his second mortgage, his only legal rights and
   remedies having been under the said deed from prior mort-
   gagee he therefore could not maintain replevin for any part
   of said wheat, his only remedy, if any, being for value of use
   and occupation of the premises during time defendant occu-
   pied same without right; the wheat crop being personalty not
   passing by said deed from first mortgagee, it having either
   been severed from the soil, or having ceased to take sustenance
   therefrom.

2. **Same—Purchaser Under Foreclosure, Right to Replevin Crops,**
   **Possession of Premises, Necessity of.**

   A purchaser at a mortgage foreclosure sale cannot, before
   obtaining possession of the mortgaged premises, maintain re-
   plevin for crops grown thereon by mortgagor.

3. **Same—Mortgagor After Redemption Expired and Mortgagee's**
   **Title Vested, Right of to Crops Harvested—Mortgagor's Ten-**
   **ancy, Defined.**

   A mortgagor holding over after year of redemption has

expired and sheriff's deed issued, is tenant at sufferance; and as such, is entitled to crops sown, grown, and harvested by him while in possession of premises, although divested of title to land prior to severance of crop.

Appeal from Circuit Court, Tripp County. Hon. FRANK B. SMITH, Judge.

Replevin by I. M. Lyons, against Adam Adel, for a crop of wheat. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*W. J. Hooper,* for Appellant.

*J. L. Hannett,* for Respondent.

(1) To point one of the opinion, Appellant cited: Kettering et al. v. Barber et al. (S. D.) 159 N. W. 133; "Judicial Sales" in 24 Cyc.; 27 Cyc. 1491, 1729, 1730; Code Civ. Pro., Secs. 653, 662; 12 Cyc. 977; Downard v. Graff, 40 Iowa, 597; Wooton v. White (Md.) 44 A. 1026; Skilton v. Harrow, 47 Pac. 177.

Respondent cited: Code Civ. Proc., Secs. 653, 656, 662, 383; Rudolph v. Herman, 4 S. D. 283; Kettering v. Barber, (S. D.) 159 N. W. 133; In re Andersen's Estate, 83 Neb. 8, 131 Am St. Rep. 613; Aldrich v. Bank of Ohiowa, 64 Neb. 276, 97 Am. St. Rep. 643; In re Andersen, 131 Am. St. Rep. 614; Aultman & Taylor Co. v. O'Dowd, 73 Minn. 58, 73 Am. St. Rep. 606.

(2) To point two of the opinion, Respondent cited: Woodcock v. Carlson, 41 Minn. 542; Lindsay v. Winona, etc., Ry. Co., 29 Minn. 411, 43 Am. Rep. 228.

(3) To point three of the opinion, Respondent cited: Hetch v. Dettman (Iowa) 41 Am. Rep. 131; Edwards v. Eveler, 84 Mo. App. 405.

McCOY, J. This action in replevin to recover the possession of a crop of winter wheat of about 1,000 bushels resulted in findings and judgment in favor of defendant, from which plaintiff appeals.

[1] There is no substantial conflict in the evidence, the only matter of controversy being the application of law to the facts. In 1911 respondent, as mortgagor, gave a mortgage upon the real estate upon which said crop was grown, and upon condition being broken, a foreclosure sale of said real estate was made on the 6th day of June, 1914, the Sioux City Brewing Company, the mortgagee, becoming the purchaser at said sale; on the 6th day

of July, 1915, a sheriff's deed was issued and delivered to the said purchaser, who thereafter, on the 22d day of July, 1915, conveyed said real estate by deed to appellant. In 1912 the respondent also gave another mortgage upon the same premises to the equitable company which mortgage was assigned to appellant, and, upon condition being broken, a foreclosure sale of said land under said mortgage was made on the 6th day of July, 1914, and, no redemption having been made, a sheriff's deed was issued and delivered to appellant, as the purchaser on said sale, on the 6th day of July, 1915. After the issuance of the said sheriff's deeds, and after the conveyance of said premises to appellant by the Sioux City Brewing Company, and up to the time of the trial of this action, the respondent, mortgagor, was suffered and permitted to be and remain in the uninterrupted, actual, and exclusive possession of said real estate. The seed for said crop of wheat was sown by respondent in September, 1914, during the year of redemption, and he completed the cutting and harvesting of said wheat on or before the 25th day of July, 1915. We are of the view that when the appellant failed to redeem from the first foreclosure sale he lost all his rights under and by virtue of the mortgage held by him and the sale male by virtue thereof, and that his only legal rights and remedies exist under and by virtue of the deed from the Sioux City Brewing Company. Under these conditions we are of the opinion that appellant could not maintain replevin for any part of said crop of wheat, his only remedy, if any, being for the value of the use and occupation of said premises during the time that respondent occupied the same without right. The Sioux City Brewing Company might have ousted respondent from the possession of said premises immediately after the issuance of the sheriff's deed to it, and might have obtained possession in time to cut off respondent's right to cut and harvest said crop, but, not having done so, at the time the brewing company conveyed to appellant on July 22d the wheat crop was then clearly personal property that would not pass by said deed, the same then either having been severed from the soil or, as found by the court, having ceased to take sustenance therefrom.

[2, 3] Appellant contends that he stands in the shoes of the Sioux City Brewing Company, having succeeded to all its rights under its foreclosure sale. We are of the view that that will not

assist appellant. It is clearly pointed out in Woehler v. Endter, 46 Wis. 301, 1 N. W. 329, 50 N. W. 1099, that a purchaser at a mortgage foreclosure sale cannot, before he obtains possession of the premises, maintain replevin for crops grown thereon by the mortgagor. The rule seems to be well established that a mortgagor holding over after the year of redemption has expired and after the issuance of sheriff's deed is a tenant at sufferance and entitled to crops sown, grown, and harvested by him while in possession of the premises, although he may have been divested of the title to the land prior to the severance of the crop. Tiffany, Landlord & Tenant, p. 321; Wiltsie on Mortgage Foreclosure, § 717; Wolcott v. Hamilton, 61 Vt. 79, 17 Atl. 39; Hinton v. Walston, 115 N. C. 7, 20 S. E. 164.

The facts of this case are within the general rule that where a mere intruder upon lands plants crops thereon, such crops, so long as they remain unsevered, are the property of the owner of the land; but one who sows, cultivates, and harvests a crop upon the land of another is entitled to the crop as against the owner of the land, whether he came to the possession of the land lawfully or not, provided he remains in possession till the crop is harvested. 12 Cyc. 977; Churchill v. Ackerman, 22 Wash. 227, 60 Pac. 406; Page v. Fowler, 39 Cal. 412, 2 Am. Rep. 462; Stockwell v. Phelps, 34 N. Y. 363, 90 Am. Dec. 710; Lindsay v. Winona & St. P. Ry., 29 Minn. 411, 13 N. W. 192, 43 Am. Rep. 228; Johnston v. Fish, 105 Cal. 420, 38 Pac. 979, 45 Am. St. Rep. 53. The crop in question was sown and harvested while defendant was in actual, uninterrupted possession of the lands upon which the same was grown.

The judgment and order appealed from are affirmed.