FRANK COXE v. JAMES C. DILLARD, JOSEPH A. JOHNSON, AND
W. B. TROY.

(Filed 12 June, 1929.)

1. **Pleadings D a—In this case held, cause of action was stated against all parties defendant.**

   A complaint alleging that the plaintiff at the request and for the convenience of the defendants made a deed to a certain tract of land to one of them for the benefit of them all in which the grantee assumes the obligation of a prior mortgage for them all, and that the grantee defendant subsequently conveyed to the other defendants upon like condition their proportionate share, specifying the interest of each, states a cause of action as to each, and a demurrer thereto, on the grounds of misjoinder of parties and causes of action and that it fails to allege a cause of action, admits the truth of the allegations, and is properly overruled.

2. **Frauds, Statute of A a—Where parties assume debt on lands deeded to another for them, they have a pecuniary interest therein and the Statute does not apply.**

   Where a grantor makes deed to one of the defendants for the benefit of the others, at their request and for their convenience, and a prior mortgage debt is assumed by the grantee therein, who later makes a deed to the other defendants in which the prior mortgage was assumed by them: *Held,* in the original grantor's action on the mortgage debt to recover against the defendants for whose benefit the grantee defendant took title, the statute of frauds does not apply since each of the defendants had a pecuniary interest in the transaction. C. S., 987.

**3. Deeds and Conveyances C f—Grantee in deed is bound by covenants therein although he does not sign or execute the deed.**

The grantee in a deed containing covenants and stipulations purporting to bind him becomes bound for their performance even though he does not execute the deed, and where a grantee of lands assumes a prior mortgage thereon he is bound thereby without signing the deed.

CIVIL ACTION, before *Schenck, J.,* at February Term, 1929, of BUN-COMBE.

Plaintiff alleged that J. W. Keys owned a tract of land in the city of Asheville and sold a one-half-undivided interest therein to him prior to 14 December, 1925, and that in order to secure the balance of the purchase price, plaintiff executed and delivered to said Keys his promissory notes aggregating $10,250, and securing said notes by a mortgage upon the land; that the sum of $3,750 has been paid on said indebtedness, leaving a balance due of $6,500.

Plaintiff further alleged that on 26 February, 1926, he sold his undivided interest in said land to L. E. Sorrell, W. L. Harrell, J. C. Dillard, Joseph A. Johnson and W. B. Troy, "and for the purpose of convenience to the parties purchasing the same and at their request the deed to said property was made to L. E. Sorrell," etc. Sorrell executed and delivered to the plaintiff three promissory notes aggregating $20,700, "and as a part of the consideration the said above-named parties assumed and agreed to pay the sum of $6,500 then owing to the said J. W. Keys and wife," etc. That on the same day, to wit, 26 February, 1926, Sorrell executed and delivered a deed to the said W. L. Harrell, J. C. Dillard, Joseph A. Johnson and W. B. Troy, in which said deed the following provisions appeared:

(a) "The above-described property being conveyed hereby to the parties of the second part in the following proportional interests: To W. L. Harrell one-ninth; Joseph A. Johnson two-ninths; J. C. Dillard two-ninths, and W. B. Troy two-ninths."

(b) "Except the sum of $27,200, which said indebtedness the parties of the second part hereby agree and assume and agree to pay in proportion to their said interest in said land and premises above set forth."

It will be observed that the said sum of $27,200 included the $6,500 indebtedness due Keys and the $20,700 due plaintiff.

Plaintiff further alleged that the defendants failed to pay the indebtedness due Keys. Whereupon Keys advertised the property and sold it at public auction, the plaintiff becoming the purchaser thereof for the sum of $1,000. Whereupon plaintiff prayed judgment against the defendants upon the notes amounting to $20,700 executed and delivered to him and the deficiency upon the Keys notes, the whole aggregating $27,816. The defendants, Dillard and Johnson, demurred to the com-

plaint upon the ground that there was a misjoinder of parties and causes
of action, and that the complaint did not state facts sufficient to consti-
tute a cause of action.

The trial judge overruled the demurrer and the defendants appealed.

*Lee, Ford & Coxe for plaintiff.*
*Joseph W. Little for defendants.*

BROGDEN, J. The plaintiff alleged that the land was sold to the de-
fendants, but that the deed was made to L. E. Sorrell for their con-
venience and at their request. The demurrer admits this allegation.
Hence Sorrell was merely holding the title to the land for the use and
benefit of the defendants.

Plaintiff further alleged that Sorrell conveyed the property to the de-
fendants by a deed containing a covenant according to the terms of
which the defendants agreed to pay the indebtedness described in the
complaint. The demurrer admits this allegation.

Upon this state of the record the trial judge was fully justified in
overruling the demurrer.

Defendants, however, insist that the notes in controversy were signed
not by them, but by Sorrell and plaintiff, Coxe, and that therefore they
cannot be held upon an oral promise to answer for the debt or default
of another under the provisions of C. S., 987.

This position cannot be maintained for two reasons:

First, it appears from the complaint that the land was purchased by
Sorrell for the use and benefit of defendants. Hence the defendants had
a personal and pecuniary interest in the transaction, and the statute of
fraud would not apply. *Dale v. Lumber Co.,* 152 N. C., 651, 68 S. E.,
134; *Peele v. Powell,* 156 N. C., 554; 73 S. E., 234; *Powell v. Lumber
Co.,* 168 N. C., 632, 84 S. E., 1032; *Springs v. Cole,* 171 N. C., 418, 88
S. E., 721; *Kelly Handle Co. v. Crawford Plumbing Co.,* 171 N. C.,
495, 88 S. E., 514. See, also, *Keller v. Parrish,* 196 N. C., 733, and
*Justice v. Sherard, ante,* 237.

Second, it further appears that the defendants received a deed for
their proportional interests in the land in which said deed it was agreed
that they would assume and pay off the indebtedness described in the
complaint. The grantee in a deed containing covenants and stipulations
purporting to bind him becomes bound for their performance even
though he does not execute the deed. *Peel v. Peel,* 196 N. C., 782.

Affirmed.