FIRST NATIONAL BANK OF HENDERSON, FOR ITSELF, AND IN BEHALF OF ALL OTHER CREDITORS OF THE ESTATE OF S. M. BLACKNALL, DECEASED, v. MILDRED W. PURVIS, SOLE LEGATEE AND DEVISEE, AND ADMINISTRATRIX, C. T. A., OF S. M. BLACKNALL, DECEASED, THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, AND B. H. HICKS, TRUSTEE.

(Filed 9 December, 1931.)

1. **Mortgage H b—Creditors may not restrain sale of land under deed of trust executed by deceased in absence of fraud, mistake, etc.**

   The creditors of an estate are not entitled to have an order temporarily restraining the execution of the power of sale in a deed of trust continued to the final hearing where it appears that the decedent executed the mortgage and notes secured thereby in consideration of money loaned and that the notes were past due and unpaid and that the trustee was authorized to sell the lands under the terms of the deed of trust, there being no allegations or evidence of fraud or mistake in the execution of the instrument or of other elements that would justify the intervention of a court of equity.

2. **Mortgage H m—Purchaser at foreclosure sale of land used as nursery held entitled to shrubbery growing on land at time of sale.**

   Where a deed of trust is given on lands used as a nursery for the cultivation of ornamental shrubbery and fruit trees, requiring several years growth to be ready for marketing, upon the execution of the power of sale according to the terms of the instrument, the purchaser is entitled to the trees and shrubbery upon the land at the time of the sale, and the devisee and legatee of the deceased mortgagor may not claim the right thereto as personalty, and is not entitled to an order allowing her a reasonable time for their removal after the sale.

APPEAL by defendant, B. H. Hicks, trustee, from *Cranmer, J.*, at Chambers, on 23 June, 1931. From VANCE. Reversed.

This is an action to restrain, until the trial of the issues raised by the pleadings, the defendant, B. H. Hicks, trustee, from selling under the powers of sale contained in two deeds of trust executed by S. M. Blacknall, the land conveyed by the said S. M. Blacknall to the said defendant by said deeds of trust to secure the payment of certain notes described therein, and for other relief.

From judgment continuing the temporary restraining order issued in the action on 26 May, 1931, to the final hearing, the defendant, B. H. Hicks, trustee, appealed to the Supreme Court.

*Pittman, Bridgers & Hicks and A. A. Bunn for plaintiff.*
*Hicks & Stem for defendant.*

CONNOR, J. No facts admitted by the parties or found by the judge appear in the judgment continuing the temporary restraining order to the final hearing. The action was heard and considered on the verified pleadings. It was thereupon ordered, considered and adjudged that the temporary restraining order issued on 26 May, 1931, be continued in full force until the final hearing.

It appears from the admissions in the pleadings that the deeds of trust containing the powers of sale under which the defendant, B. H. Hicks, trustee, had advertised the land described in the complaint for sale, were executed by S. M. Blacknall, and were duly recorded. The validity of these deeds of trust is not challenged.

It further appears from the pleadings that the notes secured by the deeds of trust were executed by S. M. Blacknall, and are now due and unpaid. The consideration for these notes was money loaned to S. M. Blacknall, the maker, and expended by him in the improvement of the land conveyed by the deeds of trust. There is no controversy between the parties as to the amount due on these notes. It is not alleged or contended that payments made on the notes have not been duly credited.

There are no allegations in the complaint of fraud, or mistake with respect to the execution of the deeds of trust or of the notes. In the absence of such allegations, or of other allegations upon which the equitable jurisdiction of the Superior Court may be invoked, it was error to continue the temporary restraining order. It should have been dissolved, for it is only in cases whereupon the facts admitted or found by the judge the mortgagor may invoke the equitable jurisdiction of the court, that the court has the power to restrain the sale of land under a power of sale contained in a mortgage or deed of trust. *Hayes v. Pace,* 162 N. C., 288, 78 S. E., 290. In *Lumber Co. v. Conrades,* 195 N. C., 626, 142 S. E., 138, it was said: "The trial judge was

therefore correct in refusing to restrain the sale of the land in accordance with the terms of the deed of trust, and in accordance with the tenor of the note secured thereby." ·In that case, the trial judge found as a fact that the note secured by the deed of trust was past due. The execution of the note and of the deed of trust was admitted, and there was no allegation of fraud, restraint, oppression, or usury in the transaction. *Brogden, J.*, writing for the Court quotes with approval the statement of the law by *Clarkson, J.*, in *Leak v. Armfield*, 187 N. C., 625, 122 S. E., 393, as follows: "We can see no equitable ingredient in the facts of this case. The mortgage is not a 'scrap of paper.' It is a legal contract that the parties are bound by. The courts under their equitable jurisdiction, where the amount is due and ascertained—no fraud or mistake, etc., alleged—have no power to impair the solemn instrument directly or indirectly by nullifying the plain provisions by restraining the sale to be made under the terms of the mortgage."

It appears from the admissions in the pleadings that for many years prior to his death in April, 1929, S. M. Blacknall had been engaged under the trade name of the Continental Plant Company, in the cultivation on the land described in the deeds of trust, of ornamental shrubbery and fruit trees, which were from time to time removed from the land for purposes of sale; and that at his death there was, and there is now, growing on said land ornamental shrubbery and fruit trees, which are of great value as nursery stock. It requires from three to five years from the time this nursery stock is planted or set out on the land to grow it for the market. The usual time for the sale of nursery stock is from 1 November to 1 April. The land described in the deeds of trust was advertised for sale by the defendant, B. H. Hicks, trustee, on 29 May, 1931.

Plaintiff contends that this nursery stock now growing on the land described in the deeds of trust is personal property and that therefore the title to the same, at the death of S. M. Blacknall passed to and vested in his administratrix, and as such is available as assets for the payment of the indebtedness of S. M. Blacknall, deceased. Plaintiff further contends that the administratrix is entitled to a reasonable time within which to go upon said land and to remove said nursery stock, and that the court should make such orders as may be proper to protect this right as against the purchase at the sale under the power of sale, when the same shall be made by the defendant, B. H. Hicks, trustee. The defendant, B. H. Hicks, trustee, contends, on the contrary, that the nursery stock is not personal property but is part of the land, and will go to and vest in the purchaser at the sale under the powers of sale contained in the deeds of trust.

The question presented by these conflicting contentions is the only question of law discussed in the briefs filed in this Court. This question apparently was not considered or decided by the trial judge. We have, however, in deference to the request of both plaintiff and defendant, considered the question. We are of opinion that whatever may have been the character of the nursery stock growing on the land at the death of S. M. Blacknall—whether real or personal property—when the land described in the deeds of trust shall have been sold under the powers of sale contained therein, and conveyed to the purchaser, he will be the owner of all the nursery stock then growing on the land and that the administratrix of S. M. Blacknall, deceased, will have no right, in law or in equity, to go upon said land and remove therefrom the nursery stock growing thereon at the date of the sale. See *Collins v. Bass,* 198 N. C., 99, 150 S. E., 706. There is error in the judgment. It is

Reversed.