FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUMBIA v.
J. W. PAGE ET AL.

(Filed 11 October, 1933.)

**Mortgages H m—Under provisions of this deed of trust purchaser at sale held not entitled to crops as against mortgagor's tenants.**

The deed of trust in this case provided that the mortgagor or his assignees should hold and enjoy the premises until default in the payment of any installment of the note secured by the instrument or a breach of any of the conditions thereof, and contained an assignment by the mortgagor to the mortgagee of the rents and income from the premises for any year that any installment of the note remained unpaid. The mortgagor leased the premises to defendant who paid the rent for the calendar year and sublet the premises to his codefendants. Default was made in the payment of the installment due after defendant had paid the rent for the calendar year, and the mortgagee foreclosed and bid in the property and received deed thereto. The mortgagee then instituted this action against the lessee and sublessees of the mortgagor to recover possession of the land and for the value of the growing crops at the time of foreclosure, the mortgagor not being made a party. *Held,* the mortgagee, the purchaser at the sale, was estopped by the language of the deed of trust from claiming immediate possession of the crops as against the lessees and sublessees, it being contemplated in the deed of trust that the premises might be leased, and there being no rent falling due after the foreclosure and the rent and income from the land having already been assigned to the mortgagee as security for the debt. *Collins v. Bass,* 198 N. C., 99, and *Bank v. Purvis,* 201 N. C., 753, cited and distinguished.

APPEAL by defendants from *Cowper, Special Judge,* at April Term, 1932, of HARNETT.

Civil action in ejectment and to recover possession of all crops grown upon the Healey Farm in Harnett County during the year 1931.

The facts are these:

1. On 1 February, 1926, J. V. Healey (unmarried) executed for the benefit of plaintiff a deed of trust on his 969-acre farm in Harnett County. Said deed of trust was prepared in accordance with the "Federal Farm Loan Act," 12 U. S. C. A., chap. 7, sec. 641, *et seq.,* to secure a loan of $35,000 and provided for its payment on the amortization plan with acceleration clause, at the option of the plaintiff, and foreclosure in the event of failure to pay any of the installments falling due 1 June and 1 December of each year during the life of the encumbrance.

2. The following covenants are contained in said deed of trust:

(a) "And it is further covenanted, that the said parties of the first part, their heirs, legal representatives or assigns, shall hold and enjoy the said premises until default in the payment of the installments as provided in said note, or a breach of any of the conditions and covenants of this deed of trust shall be made."

(b) "And it is further covenanted, that as a further security for the payment of the note and all installments thereof, and for the performance of all the terms of said note and all the conditions and covenants of this deed of trust that the said parties of the first part hereby assign, set over and transfer to the First Carolinas Joint Stock Land Bank of Columbia, its successors or assigns, all of the rents and income of said premises herein conveyed for each and every year that any installment or installments of the said note may be unpaid, together with all rights and remedies for enforcing collection of the same."

3. On 2 April, 1928, Healey conveyed the farm in question to the Carolina Fruit Company, Incorporated, which assumed the payment of plaintiff's debt, and on 1 January, 1931, the Fruit Company leased the premises to J. W. Page for the calendar year. Page paid the agreed rent of $500 during the month of January and sublet the farm to his codefendants, with the understanding that he should furnish fertilizer, mules, farming implements and receive two-thirds of all crops raised on the land. The sublessees were to cultivate the crops and receive one-third as their share.

4. The taxes for the year 1930, amounting to $435.76, were not paid when they became due and payable, which the mortgagee was at liberty to pay and add to the debt secured by the deed of trust.

5. Default was made in the payment of the installment due 1 June, 1931, (the previous installments having been paid), and the trustee, at

the instance of the plaintiff, sold the property under the terms of the deed of trust.

6. The plaintiff bid in the land at said sale, and received deed from the trustee 24 August, 1931, and instituted the present action in the ensuing month of September. Only the tenant and subtenants are made parties. The Carolina Fruit Company, Incorporated, is not a party to the action.

From a judgment in favor of plaintiff for the possession of the land and for $3,000, the value of the growing crops at time of foreclosure, the lessee, J. W. Page, and his codefendants, sublessees, appeal, assigning errors.

*Smith & Joyner and John H. Anderson, Jr., for plaintiff.*
*Clifford & Williams for defendants.*

STACY, C. J. Who is entitled to the crops growing on the land at the time of the foreclosure, the plaintiff or the defendants?

It may be observed in the outset that when the land in question was leased to the defendants, January, 1931, the mortgagor was in possession with the right to "hold and enjoy the said premises" under the express terms of plaintiff's deed of trust, and it was contemplated by the parties that the mortgagor should either cultivate the farm himself or lease it for farming purposes, for it is further stipulated that the rents and income from said premises are thereby assigned to the plaintiff as security for any unpaid installments for each and every year that any installment or installments may be unpaid. Compare *Dunn v. Tillery,* 79 N. C., 497; *Killebrew v. Hines,* 104 N. C., 182, 10 S. E., 159; *Carr v. Dail,* 114 N. C., 284, 19 S. E., 235; *Hinton v. Walston,* 115 N. C., 7, 20 S. E., 164; *Credle v. Ayers,* 126 N. C., 11, 35 S. E., 128.

It would seem, therefore, that these provisions inserted in the deed of trust, take the case out of the principle announced in *Collins v. Bass,* 198 N. C., 99, 150 S. E., 706, *Bank v. Purvis,* 201 N. C., 753, 161 S. E., 386, to the effect that a purchaser at a foreclosure sale under the power contained in a mortgage is entitled to possession as against the tenant of the mortgagor claiming under a lease made with knowledge of the mortgage and after its maturity and default. 19 R. C. L., 628.

This renders it unnecessary for us to consider the effect of chapter 173, Public Laws, 1931, enacted in consequence of the decision and suggestion in *Collins v. Bass, supra.*

Nor is the principle announced in *Mercer v. Bullock,* 191 N. C., 216, 131 S. E., 580, that the purchaser is entitled to all rents falling due after the foreclosure, applicable to the facts of the present case, for, in the first place, no rents fell due after the foreclosure, and, in the

second place, all the rents and the income from the premises had previously been assigned as security for the unpaid installments of each and every year. 19 R. C. L., 630. Compare *Pate v. Gaitley,* 183 N. C., 262, 111 S. E., 339.

We think the plaintiff is estopped by the terms of the deed of trust, under which it acquired title, to claim the crops in question as against the defendants. *Coxe v. Dillard,* 197 N. C., 344, 148 S. E., 545; *Peel v. Peel,* 196 N. C., 782, 147 S. E., 295.

Error.